293 So.2d 862

**Ronald Eugene ROSE**

**v.**

**CITY OF ENTERPRISE.**

**4 Div. 269.**

Court of Criminal Appeals of Alabama.

April 23, 1974.

Cassady & Fuller, Enterprise, for appellant.

Joe S. Pittman, Enterprise, for appellee.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was charged and tried for the unlawful possession of marijuana. He was found guilty and fined $200.

At the conclusion of the City's testimony, appellant moved to exclude the evidence on the grounds that exhibits introduced by the City were the fruits of an unlawful search and seizure.

A brief review of the evidence presented by the City shows that on May 13, 1973, about 1:30 p. m., Officer Lueck of the Enterprise Police Force, drove his police vehicle onto one of the streets of Enterprise and observed that a camper-type Volkswagen driving along in front of him, which had stopped at a red light, failed to have the necessary brake lights on the rear. He followed the vehicle along the same street until it stopped again at a traffic light, and again he noticed the absence of brake lights. He then signaled the driver of the vehicle, the appellant in this case, to stop. The vehicle pulled over to the side of the street and stopped. The officer parked immediately behind and went up to the camper. He asked appellant for his driver's license which was immediately handed over. Officer Lueck testified that while talking to appellant through the open window on the driver's side of the camper, he smelled the odor of marijuana smoke. Thereupon he went back to his patrol car and called other officers, Lieutenant Heath and Officer Diggs to assist him. Both arrived within five minutes or so. Lieutenant Heath testified he also smelled the odor of marijuana smoke and that he and Officer Lueck observed through a glass window what appeared to be several marijuana seed in an ashtray.

The officers held a short conference, and upon the decision of Lieutenant Heath, the vehicle was searched by the three officers, without appellant's permission. They found ashes and some other substance in an ashtray along with several other articles, including a clip suitable for holding a cigarette while it was being smoked, a type of tourniquet and some visine, a common type of medicine for use in irritated eyes. Appellant, along with the two passengers in the vehicle, were placed under arrest and taken to police headquarters.

Witness Dale Carter, a criminalist employed by the State Department of Toxicology in its laboratory in Enterprise, made an analysis of the contents of the ashtray and testified it contained particles of marijuana.

Officer Lueck further testified that before the arrival of the other two officers he gave appellant a ticket for defective equipment on the camper but did not remember the disposition of the case in the City's traffic court. On cross-examination he was somewhat vague on this matter.

Appellant and witness Gibbs, who was one of the passengers in the vehicle, were arrested at that time and later told they were arrested for possession of marijuana. They testified there was no marijuana smoke within the vehicle and they did not smell the odor of marijuana, but there was an order of stale beer which had been spilled on the carpet in the back of the vehicle. Appellant claimed curtains over the glass side panels were drawn so that no one could see into the vehicle from the outside. He further testified he had no knowledge of the presence of marijuana or the use of it in the vehicle, but that the camper which belonged to his mother had been used by other parties shortly before he was arrested.

In argument, appellant contends there was no probable cause for the search and there was no evidence introduced by the City showing the guilty scienter of the appellant.

We are in agreement with the general proposition that probable cause must exist as the basis for the search of an automobile, with or without a warrant. There are exceptions to the rule requiring a search warrant for the search of an automobile,

some of which will be alluded to later, which exceptions are collected and set out for the guidance of the courts in the case of Daniels v. State, 290 Ala. 316, 276 So.2d 441.

As in *Daniels,* supra, it appears there was testimony that appellant was guilty of a violation of the law at the time he was stopped by the police officer who issued a traffic ticket for this violation. In addition thereto Officer Lueck and Lieutenant Heath testified they smelled the odor of marijuana smoke coming from the front window of the car, and through the glass panel on the side of the camper, they observed marijuana seed in an ashtray. It was after this observation by the officers that the vehicle was searched, the incriminating evidence found, and the driver and passengers arrested for possession of marijuana.

We think that under the plain view exception (1) and the existence of probable cause and exigent circumstances (5) set our in *Daniels,* supra, as exceptions to the general rule requiring a warrant for the search of an automobile, the officers in the instant case had the right to search without a warrant.

It follows that the introduction in this case of the evidence found in the search and introduced as City exhibits, was properly allowed by the court. No error appears as to the objection to this evidence on the ground there was no probable cause shown by the City for the search.

Appellant further relies on the case of Rueffert v. State, 46 Ala.App. 36, 237 So.2d 520, wherein headnote 3 states:

"Where actual manucaption is not shown and constructive possession is relied on, state must show beyond a reasonable doubt, in addition to constructive possession of narcotics, that accused knew of presence of prohibited substance."

To quote from Parks v. State, 46 Ala. App. 722, 248 So.2d 761:

"Further the guilt of the accused does not necessarily depend upon proof of his ownership of the drugs. Womack v. State, 34 Ala.App. 487, 41 So.2d 429; Thompson v. State, 32 Ala.App. 402, 27 So.2d 55. However, there must be evidence from which the jury might conclude beyond a reasonable doubt that defendant knew of the presence of the drugs. Such guilty knowledge may be established by circumstantial evidence. Womack v. State, supra; Thompson v. State, supra."

We think the circumstances surrounding the search of the vehicle and arrest of appellant are strong enough for the court to conclude beyond a reasonable doubt that the appellant knew of the presence of the drug. Authorities, supra.

In brief, appellant cites several cases in his Propositions of Law and Authorities, none of which appear to be apt authority in the instant case. The factual situation supporting the rules in the cases, above referred to, can be readily distinguished from those in the case at bar.

In addition to carefully considering the argument advanced by appellant in his brief, we have also searched the record for any substantial error that might appear, as is our statutory duty. Finding no error of a substantial nature within the scope of T. 15, § 389, 1940 Code and Supreme Court Rule 45, the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.