BOWEN, Judge.
The defendant pled guilty to two indictments charging grand larceny. Each indictment involved a case of shoplifting; one from the Athens Outlet Company, the other from Kuhn’s Big K. Pursuant to a plea agreement, the trial judge sentenced the defendant to four years’ imprisonment on each indictment, the sentences to run concurrently.
On appeal, the defendant contends that her conviction should be reversed because (1) there was no colloquy to determine the voluntariness of the guilty plea, (2) there was no showing that the elements of the charged offenses had been explained, (3) there was no showing that she was informed that in a prosecution for grand larceny she could be convicted for petit larceny, and (4) the trial court failed to advise her that the State had to prove her guilty beyond a reasonable doubt to the satisfaction of all twelve jurors.
The defendant entered her pleas of guilty to both indictments after her trial had begun and four witnesses for the State had testified in the case involving the grand larceny from Athens Outlet Company.
I
The defendant’s first contention is refuted by the record which affirmatively reveals that the trial judge informed the defendant of the constitutional rights she would waive by pleading guilty: The privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, the right to trial by jury and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In addition the Judge informed the defendant of the maximum and minimum range of punishment. From the record:
“COURT: It has come to my attention that you want to change your plea, is that right?
“DEFENDANT: Yes, sir.
“COURT: All right, I understand that besides this case you have another case charging you with the same offense?
“DEFENDANT: Yes, sir.
“COURT: Grand larceny, and you wanted to plead on it also?
“DEFENDANT: Yes, sir.
“COURT: You wanted to plead guilty?
“DEFENDANT: Yes, sir.
*102 “COURT: All right, you know you could continue with your plea of not guilty, and be tried by a jury, continue with this jury trial we have going now?
“DEFENDANT: Yes, sir.
“COURT: And, you have observed, of course, the State would have to prove you guilty, and you could see the witnesses and cross examine them. In that other case you could do that, too. And, you could take the stand in your own behalf if you wanted to. You don’t have to, nobody could make you, you could remain absolutely silent. These charges — the other case was prior to January 1, 1980?
“MR. MAUNEY (Assistant District Attorney): They arose the same day, Judge, I believe. It would be prior.
“COURT: All right, each of them carries punishment in the state penitentiary of not less than one year nor more than ten years. Now, knowing the punishment you could receive, and knowing the rights that you give up, do you still want to plead guilty?
“DEFENDANT: Yes, sir.
“COURT: All right, I will accept your plea. Is there anything you want to say to me before I tell you what your punishment is?
“DEFENDANT: No, sir.
“COURT: Are you pleading guilty because you are in fact guilty?
“DEFENDANT: Yes, sir.
“COURT: All right, I will accept your plea in each of the cases and sentence you to four years in the state penitentiary, and allow the sentences to run concurrently. You have a right to appeal from a guilty plea. Did you say, Mr. Baker, you wanted to apply for probation?
“MR. BAKER (Defense Counsel): Yes, sir.
“COURT: All right, I’ll take your application for probation, and I’ll ask the probation officer to make an investigation, and when I get the report from the probation officer I will contact your attorney. You stay in touch with him so he can contact you, okay?
“DEFENDANT: Yes, sir.
“COURT: Is she at liberty on bail?
“MR. BAKER: Yes, sir.
“MR. MAUNEY: Judge, I have not talked with this defendant at anytime, and I have made no promises to get her to plead.
“COURT: All right.
“(WHEREUPON, THE PROCEEDINGS WERE CONCLUDED)”
II
In support of her second contention, the defendant relies upon Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). The specific question there was “whether a defendant may enter a voluntary plea of guilty to a charge of second degree murder without being informed that intent to cause the death of the victim was an element of the offense.” 96 S.Ct. at 2254. Based on the general proposition that a guilty plea is involuntary if the accused “has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt”, 96 S.Ct. at 2257, n. 13, the majority concluded that, in the particular situation before it, the circumstances surrounding the accused’s plea failed to satisfy its test for voluntariness for the following reasons: (1) Neither defense counsel nor the trial court informed the accused that intent to kill was an element of the crime of second degree murder; (2) defense counsel did not stipulate to the existence of such intent; and (3) the accused made no factual statements to the court implying that he had such intent. 5 Amer.J.Crim.Law 105 (1977).
In Henderson, it was specifically noted that:
“There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume it does not. Nevertheless, intent is such a critical element of the offense of second-degree murder that notice of that element is required.” 96 S.Ct. at 2258, no. 18. (emphasis added)
*103 The Court also noted that “(t)he charge of second-degree murder was never formally made. Had it been made, it necessarily would have included a charge that respondent’s assault was ‘committed with a design to effect the death of the person killed.’ ” 96 S.Ct. at 2258.
As was recognized in McGuirk v. Fair, 622 F.2d 597, 598 (1st Cir. 1980), “(t)he holding of Henderson was very narrow, however, and its facts are distinguishable from those of the instant case.” The majority in Henderson even recognized the uniqueness of their decision:
“Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent.” 96 S.Ct. at 2258-9.
The indictments upon which the defendant were arraigned and to which she initially pled not guilty were in code form. Alabama Code 1975, Section 15-8-150(60). An indictment must contain the elements of the offense intended to be charged and must sufficiently apprise the defendant of what he must be prepared to meet. Chambers v. State, 364 So.2d 416 (Ala.Cr.App.), cert. denied, Ex parte Chambers, 364 So.2d 420 (Ala.1978). An indictment for grand larceny in code form satisfies this requirement. Ragan v. State, 15 Ala.App. 694, 72 So. 506 (1916).
In the charge involving the grand larceny of property from the Athens Outlet Company, the defendant had been placed on trial and had heard witnesses testify to the specific criminal acts she was charged with committing. Under these circumstances, “it is appropriate to presume” that the defendant knew the nature of the offense in sufficient detail to give her notice of what she was being asked to admit.
Ill
With regard to the third and fourth contentions of the defendant, we know of no requirement that before a court can accept a plea of not guilty it must first inform the accused (1) of any lesser included offense of which he could possibly be found guilty if tried by a jury and (2) that, if he elects to plead not guilty, the State must prove his guilt beyond a reasonable doubt to the satisfaction of all twelve jurors. Even the provisions of Rule 11(c) of the Federal Rules of Criminal Procedure have no such requirement. See Annot. 41 A.L.R.Fed. 874.
We have searched the record for error prejudicial to the defendant. Our review of all the circumstances surrounding the defendant’s guilty plea convinces us that the plea was intelligently and voluntarily entered pursuant to a plea bargain agreement. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.