Appellant was indicted for the first degree theft of a ring, the property of Marshall Collins. The indictment, with the consent of appellant, was amended to charge second degree theft. Throughout the lower court proceeding, appellant was represented by retained counsel. On appeal, she was found to be indigent and another attorney was appointed to represent her. Appellant pled guilty to the amended indictment and was sentenced to five years' imprisonment. From that conviction she now appeals in forma pauperis.
Appellant contends that her guilty plea was involuntary and unintelligently made as she was never apprised of the elements of the charge to which she pled.
The record indicates that appellant executed an Ireland form and was questioned at length by the trial court. Specifically, the trial court inquired of appellant:
 "THE COURT: Now, Mrs. Morrow, you understand that you are now charged with the offense of theft of property in the second degree?
"THE DEFENDANT: Yes, sir."
Also, appellant, through her retained counsel, waived the reading of the indictment.
The court continued its colloquy with appellant with it fully complying with the mandates of Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
During the colloquy, appellant testified:
"THE DEFENDANT: I took a ring from a man.
 "THE COURT: Can you tell me more than that? What kind of ring was it, and where did you take it, and when?
 "THE DEFENDANT: It was a '32 Masonic ring. It was at his house. I took it off his finger.
 "THE COURT: What was this man doing at the time you took it off his finger? Was he asleep?
"THE DEFENDANT: Sort of."
We note that the only elemental difference between first and second degree theft is that of the value of the property stolen. Ala. Code § 13A-8-2 (Amended 1977); Code §§ 13A-8-3, -4 (Supp. 1981).
For a guilty plea to be validly accepted, the record must indicate that the accused intelligently and knowingly pled guilty. Boykin, supra. In Davis v. State, 348 So.2d 844, 846
(Ala.Crim.App.), cert. denied, 348 So.2d 847 (Ala. 1977), this court stated:
 "In a plea of guilty proceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea, and the judge should be satisfied that there is a factual basis for the plea."
As expressed in North Carolina v. Alford, 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162 (1970):
 "The standard [for determining the validity of a guilty plea is] whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."
In support of her contention, appellant relies upon Hendersonv. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In Waldon v. State, 394 So.2d 100 (Ala.Crim.App. 1981), this court, at pages 102-03 discussed Henderson:
 "The specific question . . . [in Henderson] was `whether a defendant may enter a voluntary plea of guilty to a charge of second degree murder without being informed that intent to cause the death of the victim was an element of the offense.' 96 S.Ct. at 2254. Based on the general proposition that a guilty plea is involuntary if the accused `has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt', 96 S.Ct. at 2257, n. *Page 483 
13, the majority concluded that, in the particular situation before it, the circumstances surrounding the accused's plea failed to satisfy its test for voluntariness for the following reasons: (1) Neither defense counsel nor the trial court informed the accused that intent to kill was an element of the crime of second degree murder; (2) defense counsel did not stipulate to the existence of such intent; and (3) the accused made no factual statements to the court implying that he had such intent. 5 Amer.J.Crim.Law 105 (1977).
"In Henderson, it was specifically noted that:
 "`There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume it does not. Nevertheless, intent is such a critical element of the offense of second-degree murder that notice of that element is required.' 96 S.Ct. at 2258, no. 18. (Emphasis added) "The Court also noted that `(t)he charge of second-degree murder was never formally made. Had it been made, it necessarily would have included a charge that respondent's assault was "committed with a design to effect the death of the person killed."' 96 S.Ct. at 2258.
 "As was recognized in McGuirk v. Fair, 622 F.2d 597, 598 (1st Cir. 1980), `(t)he holding of Henderson was very narrow, however, and its facts are distinguishable from those of the instant case.' The majority in Henderson even recognized the uniqueness of their decision:
 "`Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. This case is unique because the trial judge found as a fact that the element of intent was not explained to respondent.' 96 S.Ct. at 2258-9." (Emphasis added; "we assume it does not" emphasized in Waldon.)
Moreover, it was specifically noted in Henderson that:
 "A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, see, e.g., Johnson v. Zerbst, 304 U.S. 458, 464-465 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461], or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilty. Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense. Smith v. O'Grady, 312 U.S. 329 [61 S.Ct. 572, 85 L.Ed. 859]. 426 U.S. at 645, n. 13 [96 S.Ct. at 2257]."
Having examined the record and all of the relevant circumstances, see generally Brady v. United States,397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we find that appellant's guilty plea was freely, unequivocally, intelligently, and understandingly made in open court with full knowledge "of the nature of the charge against [her] or proof that [she] in fact understood the charge. . . ."
Appellant contends that she was denied effective assistance of counsel "when she was not advised within thirty days of her arrest of her right to demand a preliminary hearing within this thirty day period."[1] However, the crux of her contention is stated in appellant's brief at page 19:
 "Appellant is simply contending that the failure of any judicial or law enforcement authority to inform her at any time subsequent to her arrest and within thirty days thereof that she had the right to *Page 484 
demand a preliminary hearing effectively deprived her of her Sixth Amendment right to the effective representation of counsel on her behalf."
As previously stated, if the entering of a guilty plea represents a voluntary and intelligent choice among the alternative choices of action open to the defendant, then she cannot be heard to complain as no constitutional infirmity exists. Alford, supra.
Furthermore, a guilty plea which complies with the above standard waives all nonjurisdictional defects in the prior proceedings against an accused. Dingler v. State, 408 So.2d 530
(Ala. 1981). It purges the record of error unless it is shown that the plea was extorted by duress, fraud, intimidation, or deception. The judgment and sentence following the entering of a guilty plea are based solely upon the plea and not upon any evidence which may have been improperly acquired by the prosecutor. The guilty plea waives the right to a trial as well as the right to contest the admissibility of any evidence the State might have offered, including an illegal arrest, the validity of a search and seizure, or a prior involuntary confession. Knowles v. State, 280 Ala. 406, 194 So.2d 562
(1967); Barnes v. State, 354 So.2d 343 (Ala.Crim.App. 1978). A voluntary plea of guilty will also waive questions concerning the trial court's refusal to suppress certain evidence, a denial of a pre-trial motion for a continuance, and a claim of a denial of a speedy trial. Graham v. State, 403 So.2d 275
(Ala.Crim.App. 1980), cert. denied, 403 So.2d 286 (Ala. 1981);Parmley v. State, 397 So.2d 183 (Ala.Crim.App. 1980), cert.denied, 397 So.2d 184 (Ala. 1981); Barnes, supra.
In addition, a voluntary guilty plea waives the right to a preliminary hearing. Browning v. State, 397 So.2d 253
(Ala.Crim.App.), cert. denied, 397 So.2d 256 (Ala. 1981); Rodenv. State, 384 So.2d 1248 (Ala.Crim.App. 1980); Harris v. State,367 So.2d 524 (Ala.Crim.App. 1978), cert. denied, 367 So.2d 534
(Ala. 1979).
A plea of guilty is an admission of whatever is sufficiently charged in the indictment. A voluntary guilty plea concludes the issue of guilt, dispenses with need for judicial fact finding, is conclusive as to the defendant's guilt, and is an admission of all facts sufficiently charged in the indictment.Carr v. State, 406 So.2d 440 (Ala.Crim.App. 1981); Barnes, supra.
By having voluntarily pled guilty to the instant offense, appellant waived the right to demand a preliminary hearing as well as any other nonjurisdictional defects.
Examination of appellant's contentions on appeal reveals no errors prejudicial to her substantial rights. This cause is hereby due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] The proper time frame for a preliminary hearing under Ala. Code § 15-11-1 (1975), was set forth in Nobis v. State,401 So.2d 191 (Ala.Crim.App.), cert. denied, 401 So.2d 204 (Ala. 1981).