BARRON, Judge.
Jimmy Lee Cornelius was indicted by the September 1981 Franklin County Grand Jury on nine counts of violation of the Alabama Uniform Controlled Substances Act. At arraignment on October 31, 1981, he entered a plea of not guilty and the case was set for trial for November 11, 1981. The case was continued until April 5, 1982, at the request of Jimmy Lee Cornelius. He failed to appear on the trial date and an alias warrant was issued for his arrest. He was arrested in Texas on June 7, 1982, and returned to Franklin County on June 13, 1982, for trial.
On June 22, 1982, Jimmy Lee Cornelius appeared before the trial court with his two retained attorneys, withdrew his not guilty plea, and pleaded guilty to the offense “as charged in the indictment.” He was adjudged guilty and sentenced to a term of twenty-seven months in accordance with a plea-bargained agreement with the district attorney. His application for probation was denied. Hence this appeal.
The only issue raised on appeal is whether the sentence imposed by the trial court is “a valid, legal and constitutional judgment of the court.” The thrust of appellant’s contention is that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were not met.
Certain constitutional rights are waived by a guilty plea, including the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront the accusers. Boykin, supra, holds that a knowing and voluntary waiver of those rights cannot be presumed from a silent record.
But the record in this case is not silent. There was a colloquy between the trial court and the appellant concerning the voluntariness of his plea before the plea was accepted; also, the record contains an “Ireland” form signed by appellant, his two retained attorneys, and the trial judge. See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).
The pertinent portion of the colloquy between the trial court and the appellant is as follows:
“THE COURT: Do you understand that the Court is willing to give you a trial if you want one?
“MR. CORNELIUS: Yes sir.
“THE COURT: Of course, on that trial, the State would have to have witnesses and prove you guilty.
“MR. CORNELIUS: Yes sir.
“THE COURT: And you or your attorneys could cross examine those witnesses? “MR. CORNELIUS: Yes sir.
“THE COURT: Also, did you know that the Court would subpoena any witnesses you wanted?
“MR. CORNELIUS: Yes sir.
*662 “THE COURT: Did you know that you wouldn’t have to testify in the case unless you wanted to?
“MR. CORNELIUS: Yes sir.
“THE COURT: Well now, also, did you know that if you' plead guilty, the Court could sentence you to anywhere from two years to fifteen years in the State Penitentiary and fine you up to twenty-five thousand dollars?
“MR. CORNELIUS: Yes sir.
“THE COURT: I don’t know if you have an agreement with the State, but if you do, do you realize the Court doesn’t have to go by it unless he thinks it’s a proper settlement in the case?
“MR. CORNELIUS: Yes sir.
“THE COURT: Well, has anybody threatened you or tried to force you to plead guilty?
“MR. CORNELIUS: No sir.
“THE COURT: Have they offered you anything to get you to plead guilty?
“MR. CORNELIUS: No sir.
“THE COURT: If you’re going to ask for Probation, has anybody told you you would get Probation?
“MR. CORNELIUS: No sir.
“THE COURT: In other words, are you doing it on your own?
“MR. CORNELIUS: Yes sir.
“THE COURT: You think you know what you’re doing?
“MR. CORNELIUS: I think so.”
As to the “Ireland” form executed by the appellant, his two attorneys, and the trial court, we note the following from the record:
“THE COURT: Now, heretofore,- you have pled not guilty to the indictment and I understand you want to withdraw that not guilty plea and enter a plea of guilty.
“MR. CORNELIUS: Yes sir.
“THE COURT: All right, I have a piece of paper that you signed and your attorneys have signed. Did they go over it with you, read it to you or let you read it?
“MR. CORNELIUS: Yes.
“THE COURT: Did you understand it was a statement of your rights in Court?
“MR. CORNELIUS: Yes sir.”
It is abundantly clear that the “Ireland” form, taken in conjunction with the colloquy between the trial court and the appellant, positively demonstrates that the Boy-kin mandates were met.
The trial court’s judgment entry recites that the appellant “pleads guilty to the offense of violation of Alabama Substance Act as charged in the indictment.” Thus, the guilty plea by appellant was to all nine counts as set out in the indictment.
The trial court sentenced appellant to “twenty-seven months in the State Penitentiary,” and at the conclusion ruled, “All right, I’ll deny probation.”
For the foregoing reasons, we find that appellant’s guilty plea was knowingly and voluntarily entered, and that the sentence imposed by the trial court constitutes a valid, legal, and constitutional judgment of the trial court.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.