This is an appeal from a conviction based on a plea of guilty to an indictment charging the illegal possession of marijuana.
A guilty plea, if voluntarily and understandingly made, waives all nonjurisdictional defects in the prior proceedings against the accused including any claim of an unlawful search and seizure. Annot. 20 A.L.R.3d 724 (1968). "However fundamental fairness dictates that such a rule should not apply where the trial judge has assured the defendant that he may still present the issue . . . on appeal despite his guilty plea." Bailey v. State, 375 So.2d 519, 521 (Ala.Cr.App. 1979). Here, the trial judge "recognized the fact" that the motions to suppress the search and seizure and the confession were preserved "for the purposes of appeal."
 I
Marijuana is properly classified as a Schedule I controlled substance. Alabama Code Section 20-2-23 (3)(j) (1975). In placing marijuana on Schedule I, the State Board of Health was required to find that the substance has "high potential for abuse" and "has no accepted medical use in treatment in the United States or lacks accepted safety for use in treatment under medical supervision." Section 20-2-22. The passage of the Controlled Substances Therapeutic Research Act, Section20-2-110, et seq., Code of Alabama 1975, does not conflict with those findings.
The stated purposes of the Therapeutic Research Act reveal that marijuana lacks accepted safety and has no accepted medical use.
 "The legislature finds that recent research has shown that the use of cannabis may alleviate nausea and ill-effects of cancer chemotherapy, and may alleviate the ill-effects of glaucoma. The legislature further finds that there is a need for further research and experimentation with regard to the use of cannabis under strictly controlled circumstances. It is *Page 217 
for these purposes that the Controlled Substances Therapeutic Research Act is hereby established."
Alabama Code Section 20-2-111 (1975). Generally, the classification of marijuana as a narcotic drug has been upheld. Annot. 50 A.L.R.3d 1164 (1973). Marijuana is properly classified with "hard" narcotic drugs. Boswell v. State,290 Ala. 349, 354, 276 So.2d 592, appeal dismissed, 414 U.S. 1118,94 S.Ct. 855, 38 L.Ed.2d 747 (1973). The classification of marijuana is properly within the authority of the State Board of Health. Ex parte McCurley, 390 So.2d 25 (Ala. 1980). While marijuana may be useful in the treatment of some medical conditions it has not achieved accepted medical use or safety in its prescription and application.
 II
Although Captain John Boman, Commander of the Narcotics and Vice Squad of the Gadsden Police Department, was following the defendant because he had information that he might have a quantity of marijuana in his possession, Officer J.R. Wood actually stopped the defendant for speeding. This stop for a traffic violation was proper. Alabama Code Section 15-10-3 (1) (1975).
When Officer Wood asked the defendant for his driver's license he "smelled the odor of smoked marijuana." When Captain Boman arrived three or four minutes later, he also detected a "strong odor" of marijuana coming from the defendant's vehicle.
Generally, detection of the odor of fresh marijuana or marijuana smoke, standing alone, will provide probable cause for a search of a motor vehicle following a stop for investigation of a traffic or equipment violation. Annot. 5 A.L.R. 4th 681 (1981). See also Rose v. City of Enterprise,52 Ala. App. 437, 293 So.2d 862 (1974). Once the officers had probable cause to believe that the vehicle contained marijuana, the search of the vehicle itself and the cardboard boxes contained therein was reasonable and constitutionally permissible under United States v. Ross, 456 U.S. 798,102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
 III
Although the defendant argues that he confessed only after the police threatened to charge his female passenger and companion, this allegation was denied by the police.
Captain Boman testified:
 "Well, what we explained to him was that in a case such as this particularly was that with something as large as those boxes were that we were taking a presumption that she knew what the contents of the boxes were. And what we told him was that we were going to interview her, give her her Miranda Warning again, and that if her story was not the same as his, if there were errors that we could find, conflicting statements, then, in all probability she was going to be charged with the same offense, the possession of — or, the unlawful possession of a controlled substance, specifically, the marijuana. That is all he was told. He was not told that if he would give a statement she wouldn't be charged." (emphasis added)
Where the evidence is conflicting, the trial judge's finding of the voluntariness of a confession will not be disturbed on appeal unless it is palpably contrary to the weight of the evidence. Harris v. State, 280 Ala. 468, 195 So.2d 521 (1967);Simpson v. State, 401 So.2d 263 (Ala.Cr.App.), cert. denied,401 So.2d 265 (Ala. 1981).
Moreover, a review of the record shows that there is absolutely no evidence that any such statement was ever made to the defendant. All the testimony supports the finding of the trial judge that the defendant voluntarily and intelligently waived his constitutional rights. Additionally, the record reveals that the guilty plea was voluntarily and intelligently entered.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 218