Appellant, Donald Richard Jones, was indicted by the June 1981 session of the Montgomery County Grand Jury for felony possession of marijuana and cocaine, in violation of Act 1407, Section 401 (a), Regular Session of the Legislature of Alabama 1971.
Prior to trial on July 27, 1981, a hearing was held on appellant's motion to suppress a portion of the State's evidence. Appellant argues that three packages and a vial, all containing cocaine, were found in his automobile after an illegal search of his car. Said motion was denied. Appellant was tried before a jury and found guilty on July 27, 1981. On August 10, 1981, the court sentenced appellant to two years in the state penitentiary; probation was granted and the sentence was suspended on the condition that appellant serve twelve months in the county jail.
Officer James Higgins, Jr., a member of the Montgomery Police Department, testified at the motion to suppress hearing that on March 7, 1981, he and his partner, D.H. Hall, stopped a speeding vehicle driven by appellant on a Montgomery street. He stated that the car driven by appellant was clocked going fifty miles per hour in a twenty-five mile per hour zone.
After stopping appellant's car, Officer Higgins approached the car on the passenger's side while his partner approached on the driver's side. Officer Higgins observed appellant through the passenger window holding the car ashtray in his right hand and saw him putting something in the hole where the ashtray normally fits with his left hand. At the time, he was unable to tell what that "something" was.
Officer Higgins stated that he did observe in the ashtray one hand-rolled cigarette and one cigarette that was smoldering. Through the open passenger window, Officer Higgins stated that the smoldering cigarette gave off the odor of marijuana. Officer Higgins then stepped to the rear of the appellant's car and informed his partner, D.H. Hall, as to what he had seen. Officer Hall then asked appellant to get out of his car and produce his driver's license. While Officer Hall was checking appellant's identification, Officer Higgins walked back to the driver's door, which was open, and observed the hand-rolled cigarette. At that point, he determined that it was marijuana. The car was searched for possible concealed weapons and the car ashtray was removed to see what appellant had put under it. Three packages containing a white powder substance were found concealed beneath the ashtray. Officer Higgins stated that he did not disturb the packages at that time, but waited until the car was impounded. At the police station, an inventory search was conducted and a vial containing a white powder substance was also found in the car's glove compartment. The substance in the three packages and the vial was found to contain cocaine. Officer Higgins stated that, when he entered appellant's car, appellant was under arrest for suspicion of possession of marijuana.
At trial, Officer D.H. Hall substantially restated what Officer Higgins had stated at the motion to suppress hearing. Officer *Page 21 
Hall further added, though, that, after they had stopped appellant's car, he radioed to police headquarters while Officer Higgins approached the passenger side of appellant's car. After completing his radio call-in, he exited the police car and approached appellant's car. While walking towards the stopped car, Officer Higgins called him to the rear of the car. Officer Hall then asked appellant for his driver's license and appellant got out of his car.
Officer Hall testified that he did not observe anything in the interior of appellant's car because his attention was on the appellant. He further stated that no marijuana was found on the appellant during the pat-down search.
Officer Higgins was then called to testify. His testimony repeated his earlier testimony at the motion to suppress hearing except that the white powder substance found beneath the ashtray, the vial found in the glove compartment and the marijuana cigarettes were all turned over to Investigator Burks of Vice and Narcotics.
Mr. Allen Adair, a criminologist with the Alabama Department of Forensic Sciences, testified that the plant material found in the hand-rolled cigarette and hand-rolled cigarette butt was marijuana, and that a portion of the white powder substance was cocaine.
Appellant took the stand in his own behalf and admitted having one marijuana cigarette in his pocket on the night that he was stopped. He denied smoking marijuana in his car and stated that his ashtray was clean. He further stated that a friend had placed the packages containing the white powder substance underneath his ashtray so that he could take them to a local nightspot for him. Appellant stated that he had no intention of using the powder substance or of exercising any control or dominion over it.
Several acquaintances of appellant were called who testified that appellant's reputation for truthfulness was good.
Appellant contends that the trial court erred in denying his motion to suppress the cocaine found in his car since the police officers' search of his automobile far exceeded what was reasonable under the circumstances. Appellant argues that the search made by the police officers was unreasonable since he had only been stopped for a misdemeanor violation, i.e., a speeding violation. We do not agree.
Probable cause must exist as the basis for the search of an automobile, with or without a search warrant. Rose v. City ofEnterprise, 52 Ala. App. 437, 293 So.2d 862 (1974). In Danielsv. State, 290 Ala. 316, 276 So.2d 441 (1973), the Alabama Supreme Court set out six circumstances under which the police may conduct an investigatory search into the interior of an automobile without a search warrant. They are:
 "(1) In `plain view,' see Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971);
 "(2) With `consent' voluntarily, intelligently and knowingly given, see Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938);
 "(3) As `incident to a lawful arrest,' see Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959);
 "(4) In `hot pursuit' or `emergency' situations, see Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1947); State v. Sutton (Mo. 1970) 454 S.W.2d 481;
 "(5) Where `exigent circumstances' exist coincidental with `probable cause' (as in the case of movables), see Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); and
 "(6) In `stop and frisk' situations, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889
(1968)."
Testimony at trial showed that appellant had violated traffic laws at the time he was stopped by the police officers. Officer Higgins testified that, upon approaching *Page 22 
appellant's car, he could smell the odor of marijuana smoke coming from the interior of the car, and, through the passenger-side window, he observed a hand-rolled cigarette and hand-rolled cigarette butt. He also saw appellant placing "something" beneath the car ashtray. It was after this observation by Officer Higgins that the vehicle was searched, the incriminating evidence found, and appellant arrested for possession of marijuana.
Under the plain view exception and the existence of probable cause and exigent circumstances set out in Daniels, supra, as exceptions to the general rule requiring a warrant for the search of an automobile, the officers in the instant case had the right to search without a warrant.
In Sterling v. State, 421 So.2d 1375 (Ala.Cr.App. 1982), this court stated:
 "We hold that a police officer may rely on an aroma of marijuana to give him probable cause to suspect that contraband is present and may be concealed in other areas of the automobile. People v. Cook, [13 Cal.3d 663, 119 Cal.Rptr. 500, 532 P.2d 148] supra.
 "Once evidence of marijuana is lawfully observed by a police officer in any part of the automobile, the entire vehicle, including the trunk may be searched.
 "`Common sense suggests that the size and nature of an automobile owner's property determines whether the owner selects the passenger compartment or the trunk as the place for storage. Similarly, the trunk is as likely a place for the storage of weapons and contraband as the passenger compartment, if not more so.' (Footnote omitted.)
 "United States v. Longman, 533 F. Supp. 176 (W.D. Michigan, 1982)."
For case squarely on point, see New York v. Belton, [453 U.S. 454] 101 S.Ct. 2860 [69 L.Ed.2d 768] (1981).
It follows that the introduction of the cocaine, as well as the marijuana cigarettes, found in the search was properly allowed by the trial court.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.