Appellant Armand Joseph Jackson was indicted by a Dallas County grand jury for the capital murder of Debra Ann Jones and *Page 896 
Scott Bradley Jones. At arraignment he pleaded not guilty and not guilty by reason of insanity. Pretrial motions included a motion to quash jury venire, a motion to suppress evidence and a motion for change of venue. These motions were denied by the trial court.
 I
Appellant entered a plea of guilty to the charge of capital murder. At that time the court, outside the hearing of the jury, asked the appellant if the plea had been coerced and the appellant replied that the plea was voluntary. An Ireland form was signed by the appellant and his counsel. The trial court told the appellant of the maximum and minimum range of sentence and informed him that by pleading guilty he was waiving his right to appeal all non-jurisdictional defects in the proceeding with the exception of sufficiency of the evidence.
The trial court reconvened and a jury was struck for the prosecution to present its case in compliance with Ala. Code §13A-5-42 (1975). The appellant reaffirmed in chambers his plea of guilty on advice of counsel. The prosecution presented its prima facie case against the appellant and the jury found sufficient evidence to convict the appellant of capital murder. After a sentencing hearing, the appellant was sentenced to life imprisonment without parole.
On appeal Jackson raises five issues: (1) whether his confession was coerced; (2) whether the judge abused his discretion by not granting appellant's motion for change of venue; (3) whether the venire was constitutionally drawn; (4) whether the court committed reversible error by not granting the motion to suppress the evidence; and (5) whether the statute under which the appellant was convicted is constitutional.
Section 13A-5-42, Code of Alabama 1975, states:
 "A defendant who is indicted for a capital offense may plead guilty to it, but the state must in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to a jury. The guilty plea may be considered in determining whether the state has met that burden of proof. The guilty plea shall have the effect of waiving all non-jurisdictional defects in the proceedings resulting in the conviction except the sufficiency of the evidence. A defendant convicted of a capital offense after pleading guilty to it shall be sentenced according to the provisions of Section 13A-5-43 (d)." (Emphasis added)
By his guilty plea, the appellant has waived the first four issues he now seeks to present. Graham v. State, 403 So.2d 275
(Ala.Cr.App. 1980), cert. denied, 403 So.2d 286 (Ala. 1981),cert. denied, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307;Lane v. State, 412 So.2d 292 (Ala. 1982); Morrow v. State,426 So.2d 481 (Ala.Cr.App. 1982); Cornelius v. State, 429 So.2d 660
(Ala.Cr.App. 1983); Cashin v. State, 428 So.2d 179
(Ala.Cr.App. 1983); Isbell v. State, 428 So.2d 215 (Ala.Cr.App. 1983).
 II
Appellant argues that the provisions of § 13A-5-40 (a)(4) and § 13A-5-40 (a)(10), Code of Alabama 1975, are unconstitutional because they were conceived through judicial legislation. He refers to the Alabama Supreme Court opinion in Beck v. State,396 So.2d 645 (Ala. 1981). This judicial interpretation has been upheld numerous times, specifically in Potts v. State,426 So.2d 886 (Ala.Cr.App. 1982), aff'd, 426 So.2d 896 (Ala. 1983),Raines v. State, 429 So.2d 1104 (Ala.Cr.App. 1982), aff'd,429 So.2d 1111 (Ala. 1982), cert. denied, 460 U.S. 1103,103 S.Ct. 1804, 76 L.Ed.2d 368 (1983) and Young v. State, 428 So.2d 155
(Ala.Cr.App. 1982).
 III
Appellant contends that the statute does not allow the jury to consider aggravating and mitigating circumstances. However, § 13A-5-46, Code of Alabama 1975, specifically provides for a sentencing hearing in which the jury weighs the aggravating *Page 897 
and mitigating circumstances and then gives the trial court an advisory verdict.
 IV
Appellant, relying on Gregg v. Georgia, 428 U.S. 153,96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), contends that the potential sentence of death provided by § 13A-5-40 (a)(4) and (10) is cruel and unusual punishment because it is not a deterrent to homicide. Appellant has based his argument on the dissent inGregg v. Georgia, supra. The judgment of that court written by Justice Stewart held "that the punishment of death does not invariably violate the constitution." Gregg, 428 U.S. at 169,96 S.Ct. at 2923.
 V
Finally, the appellant asserts that the statute is unconstitutional because as applied it can result in the arbitrary and discriminatory application of the death penalty. He offers no authorities in support of this contention, with which we disagree.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.