BOWEN, Presiding Judge.
Travis O'Neal Thrower was convicted for the attempted murder of Mobile Police Officer Joseph Drews and sentenced to life imprisonment as a habitual offender.
Thrower “contends that the denial of his motion to suppress his confession coerced and induced him to enter a guilty plea” and this rendered his confession involuntary. Appellant’s brief, p. 28. By knowingly, intelligently, and voluntarily pleading guilty, the defendant waived the issue of the voluntariness of his confession. Franklin v. United States, 589 F.2d 192, 194-95 (5th Cir.), cert. denied, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979); Jackson v. State, 452 So.2d 895, 896 (Ala.Cr.App.1984); Morrow v. State, 426 So.2d 481, 484 (Ala.Cr.App.1982). By voluntarily pleading guilty, the accused waives all non-jurisdictional defects including his claims that he was denied a preliminary hearing, Morrow, 426 So.2d at 484; Roden v. State, 384 So.2d 1248, 1249 (Ala.Cr.App.1980), and that he was entitled to a change of venue. Jackson, 452 So.2d at 896. .“ ‘A guilty plea, if voluntarily and understanding^ made, waives all nonjurisdictional defects in the prior proceedings against an accused.’ ” Dingler v. State, 408 So.2d 530, 532 (Ala.1981), quoting Barnes v. State, 354 So.2d 343, 344 (Ala.Cr.App.1978). Here, the plea was not entered with the understanding or assurance that any issue could still be raised on appeal. See Bailey v. State, 375 So.2d 519 (Ala.Cr.App.1979).
There is absolutely nothing in the record to support the appellant’s allegation on appeal that “the denial of his motion to sup *819 press his confession coerced and induced him to enter a guilty plea.” Appellant’s brief, p. 28. Quite the contrary, the record demonstrates that the appellant knowingly, intelligently, and voluntarily pled guilty.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.