TAYLOR, Judge.
The appellant, Raphael Arthur Fuentez, pleaded guilty to theft of property in the second degree. He was sentenced to 20 years’ imprisonment to run concurrently with the remainder of his prison term in the state of Georgia.
The appellant’s sole contention on appeal is that the Uniform Mandatory Disposition of Detainers Act (UMDDA) applied to him and that the court erred in denying his motion to dismiss the indictment because, he says, the state failed to try him within 180 days as required by Article 111(a) of the UMDDA. The court denied the appellant’s motion, stating that the 180-day period had not elapsed before his trial because the period did not begin to run until the prosecuting attorney received notice of the appellant’s desire to proceed under the UMDDA.
The state argues that this court should not even consider the merits of the appellant’s argument because he failed to preserve this issue for appeal. The state contends that by pleading guilty to theft the appellant waived his right to appeal from the court’s ruling on this issue. A voluntary plea of guilt waives all non-jurisdictional defects unless specifically preserved for purposes of appeal. German v. State, 492 So.2d 622 (Ala.Cr.App.1985); Jackson v. State, 452 So.2d 895 (Ala.Cr.App.1984). However, the appellant adequately preserved this issue for appeal. After the appellant entered his guilty plea, his counsel gave the court oral notice that he was appealing the court’s ruling on his motion to dismiss the indictment. The court again explained its reasons for denying the appellant’s motion to dismiss.
The appellant argues that the 180-day period, specified in Article IH(a) of the UMDDA, started to run when he “initiated the process” and not as the state argues, when the prosecuting attorney received notice that he intended to proceed under the UMDDA. This court agrees with the trial court’s interpretation of Article 111(a) that the appellant was tried within 180 days of his request for final disposition of the pending indictment against him.
Article 111(a), codified at § 15-9-81, Code of Aabama 1975 states, in pertinent part:
“(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prison, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint....”
(Emphasis added.) The issue here focuses on the court’s definition of the phrase, “caused to be delivered....”
Recently, the United States Supreme Court, in Fex v. Michigan, — U.S. -, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993), had occasion to interpret a similar phase in the Michigan Interstate Agreement on Detainers Act (IAD). The Michigan IAD contains the same phrase, “caused to be delivered.” The United States Supreme Court held that “the 180-day time period in Article 111(a) of the IAD does not commence until the prisoner’s request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against *1112 him.” — U.S. at-, 113 S.Ct. at 1091. (Emphasis added.)
According to the United States Supreme Court’s interpretation of the phrase, “caused to be delivered,” the 180-day period had not expired at the time that the appellant was tried, and the court correctly denied the appellant’s motion to dismiss the indictment on those grounds. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.