TAYLOR, Judge.
The appellant, Antonio Nichols, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to 50 years’ imprisonment.
The appellant’s sole contention on appeal is that the court erred in refusing to dismiss the indictment against him because, he contends, his prosecution was in violation of the Uniform Mandatory Disposition of Detainers Act. Specifically, he contends that his trial was held more than 180 days after he completed a form requesting final disposition of the robbery charge against him in Jefferson County.
While incarcerated in Georgia, the appellant wrote on a form, his name (an alias, Jarrod Hayden), his inmate identification and bed numbers, the date May 3, 1993, an appointed attorney’s name, and the following: “I am formally requesting a final disposition on two indictmented [sic] cases that I have in Alabama.” The portion of the form labeled “FOR STAFF USE ONLY” indicated that it was received by a Georgia prison official on May 6, 1993. The only comment made by the official on the form was “Write Legal Aid on this matter.” There is no indication on the form or anywhere else in the record that any official in Alabama had notice of the appellant’s request until he filed a copy of the form with his motion to dismiss on November 29, 1993, two days before his trial was to begin.
Article 111(a) of the Uniform Mandatory Disposition of Detainers Act, codified at § 15-9-81, Code of Alabama 1975, provides, in pertinent part:
“(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prison, he shall be brought to trial within 180 days after he shall have caused to be delivered to the 'prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint....”
(Emphasis added.)
The United States Supreme Court, in Fex v. Michigan, — U.S. -, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993), interpreted a similar provision in the Michigan Interstate Agreement on Detainers (IAD). The Michigan IAD contains the same phrase, “caused to be delivered.” The United States Supreme Court held that
“the 180-day time period in Article 111(a) of the IAD does not commence until the prisoner’s request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the de-tainer against him.”
— U.S. at -, 113 S.Ct. at 1091, 122 L.Ed.2d at 416. See also Fuentez v. State, 627 So.2d 1110 (Ala.Cr.App.1993).
Nothing in the record indicates that the court or the prosecution received notice of the appellant’s request for final disposition before he filed his motion to dismiss two days before trial. The court did not err in refus *78 ing to dismiss the indictment against the appellant.
For the foregoing reasons, the appellant’s conviction is affirmed.
AFFIRMED.
All the Judges concur.