May 4, 1976, appellant appeared before the Circuit Court of Russell County, Alabama, with court appointed counsel and withdrew his former pleas of not guilty and pled guilty to two indictments charging burglary, second degree. The appellant had been indicted on three charges of burglary, second degree. These cases were numbered 6515, 6519 and 6526 on the trial docket. By agreement between appellant, his counsel, and the District Attorney, the Court dismissed case number 6515 and accepted pleas of guilty in cases numbered 6519 and 6526. The Court then found the appellant guilty as charged and set May 28, 1976, as the date for sentencing. On May 28, 1976, the Court sentenced appellant to six years in the penitentiary in each case, the sentences to run concurrently. Application for probation was denied.
June 22, 1976, court appointed counsel, who represented appellant in all prior court proceedings, made known to the Trial Court by letter that appellant wished to appeal the convictions. Counsel was permitted to withdraw and the Court then appointed other counsel for the appeal.
June 25, 1976, appellant filed a motion to set aside and withdraw the plea of guilty and re-enter pleas of not guilty. No ruling on this motion appears in the record.
June 28, 1976, appellant filed a motion for re-hearing on application for probation which was overruled July 8, 1976.
July 26, 1976, appellant gave notice of appeal to this Court in cases numbered 6519 and 6526.
Appellant raises two questions as follows:
 I "Was there an abuse of discretion when the Trial Court refused to allow Driggers, who is of the tender age of 16 years, to withdraw his plea of guilty, which was given freely and voluntarily with the assistance of competent counsel?"
 II "Was there an abuse of discretion by the Trial Court in refusing to grant Drigger's motion for re-hearing on application for probation?"
No contention is made by appellant that his pleas of guilty were not voluntary and made with full knowledge and understanding of his Constitutional rights. Indeed, the record shows a full and thorough in-court colloquy between the Court, appellant, and his counsel about the charges, punishment and voluntariness of appellant's pleas of guilty. Appellant was questioned by the Court in detail to determine whether the "Ireland" form, signed by appellant and his counsel and filed in the Circuit Court, was explained to him and if he understood it. Appellant said that it had and he understood it. *Page 227 
It is within the sound discretion of the Trial Court to refuse the withdrawal of a plea of guilty. To establish that such refusal is reversible error, it must be shown that the Trial Court abused its discretion. Ex parte Sykes, 44 Ala. App. 473,213 So.2d 413. There is nothing in this record to indicate the Trial Court abused its discretion in refusing the withdrawal of the guilty pleas. The question of the "tender age" of appellant is a matter to be considered by the Trial Court. The Trial Court had the opportunity to see, talk with and judge his maturity first hand. Appellant made application for trial as a Youthful Offender which the Trial Court considered and denied. This gave the Trial Court an opportunity to consider the appellant's age, mental condition, mental attitude and the nature of the charges. Age of appellant was a fact before the Trial Judge. We hold that the Trial Court did not abuse its discretion in disallowing appellant's motion to withdraw his pleas of guilty. We further hold that the pleas of guilty by appellant were voluntary and understandingly made in open court.
The matter of probation is discretionary with the Trial Court. Probation is governed by Section 19, Title 42, of theCode of Alabama 1940. We have held that the grant of probation is a matter of grace entirely within the discretion of the Trial Court. Sparks v. State, 40 Ala. App. 551, 119 So.2d 596. Therefore, we hold the Trial Court could in its discretion deny appellant probation.
The judgment below is hereby
AFFIRMED.
All Judges concur.