375 So.2d 519 (1979)
Gary BAILEY
v.
STATE.
3 Div. 56.
Court of Criminal Appeals of Alabama.
May 22, 1979.
On Remand October 2, 1979.
*521 B. F. Lovelace, Public Defender, Brewton, for appellant.
Charles A. Graddick, Atty. Gen., and Mary Jane LeCroy, Asst. Atty. Gen., for the State, appellee.
BOWEN, Judge.
The defendant pled guilty to an indictment charging robbery. Sentence was fixed at twelve years' imprisonment. The defendant is represented by a public defender.
The plea was entered by the defendant with the understanding that he could appeal a speedy trial issue.
"THE COURT: Now, has anybody intimidated you, coerced you or threatened you to make you plead guilty?
"THE DEFENDANT: No, sir, I haven't been intimidated or coerced. I am just pleading guilty with the understanding that I can carry this speedy trial issue.
"THE COURT: Right, you have reserved that by the record of this Court and the Court has advised him.
"He has filed, Mr. Vigliante, a motion to dismiss the indictment against him for lack of prosecution averring in his motion filed with this Court, which was overruled by this Court today, that he did not get a speedy trial."
In overruling the defendant's motion the Court stated: "I am going to overrule the motion. You can take this up on appeal."
The cases are legion that a guilty plea, if voluntarily and understandingly made, waives all nonjurisdictional defects in the prior proceedings against the accused. Lancaster v. State, 362 So.2d 271 (Ala.Cr. App.), cert. denied, Ex parte Lancaster, 362 So.2d 272 (Ala.1978); Camp v. State, 359 So.2d 1187 (Ala.Cr.App.1978). A claim of a denial of a speedy trial in violation of the Sixth Amendment is waived by an unqualified plea of guilty. State v. Willis, 42 Ala. App. 414, 166 So.2d 917 (1964); Duncan v. State, 42 Ala.App. 509, 169 So.2d 439 (1964); 57 A.L.R.2d 302, § 13 (1958).
However it is equally well settled that a guilty plea is invalid unless voluntarily given by a defendant with a full understanding of the possible consequences of the plea. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The subjective beliefs or expectations of a defendant on such matters as to the amount of sentence that will be imposed, or the hope of leniency, unsupported by any promises from the State or indications from the Court, are insufficient to invalidate a guilty plea as unknowing or involuntary. United States v. Maggio, 514 F.2d 80, 88 (5th Cir. 1975). It is logical that this same rule should apply to the subjective beliefs of a defendant with regard to what matters can be appealed after pleading guilty. However fundamental fairness dictates that such a rule should not apply where the trial court has assured the defendant that he may still present the issue of speedy trial on appeal despite his guilty plea. In the Second Federal Judicial Circuit it is settled law that a point may be preserved for appeal despite the plea of guilty provided the reservation is accepted by the Court with the government's consent. United States v. Mann, 451 F.2d 347 (2nd Cir. 1971). See also Lefkowitz v. Newsome, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975).
The record indicates that the motion to dismiss the indictment was filed, heard and ruled on on December 1, 1978, immediately before the defendant pled guilty. The meager facts presented by both the defendant and the State leave many questions unanswered on the issue of the defendant's right to a speedy trial. In fairness to the *522 defendant, the State, and the trial judge, this cause should be remanded with instructions that either the defendant be given the opportunity to withdraw his plea of guilty or that a full and complete hearing be held on the issue of the denial of speedy trial. See Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If a hearing is held the trial court should apply the four factors set out in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972).
Consequently this cause is remanded for proceeding consistent with the above instructions.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON REMAND
BOWEN, Judge.
On remand, a hearing was held to allow the defendant to present his evidence concerning the alleged denial of a speedy trial. The evidence reveals the following:
February 15, 1977: The defendant escaped from the Alabama Prison System.
February 16, 1977: A warrant of arrest was issued against the defendant for the robbery of a pistol from a guard when he escaped.
June 20, 1977: The defendant was returned to the custody of the Board of Corrections after being captured in Mississippi.
July 7, 1977: The arrest warrant was received at Kilby Prison. The evidence also indicates that the warrant was received on February 17, 1977.
March, 1978: The defendant was in federal custody being tried for "the same charge" the State had against him. The defendant had been indicted in state court for escape, grand larceny and robbery.
April 28, 1978: The defendant was arrested although he had remained in the prison system since his return. There is no explanation for the delay in executing the warrant.
October 13, 1978: The defendant was indicted at the first session of the grand jury after his arrest. The procedure in Escambia County is not to put a case on the grand jury docket until the accused has been arrested.
November 8, 1978: Arraignment.
December 1, 1978: The defendant withdrew his plea of not guilty, pled guilty and was sentenced. A motion to dismiss the indictment for lack of prosecution was filed. This is the first mention of the speedy trial issue.
After hearing the evidence and applying the test set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1977), the trial court denied the defendant's motion to dismiss the indictment. That action is affirmed.
The length of delay in this case must be computed from June 20, 1977, until December 1, 1978. While the initiation of criminal proceedings actually began with the issuance of the warrant of arrest on February 16, 1977, the period before the defendant's return to custody must be excluded as this delay is attributable solely to his own actions. Love v. State, 44 Ala.App. 85, 203 So.2d 140 (1967).
No reason has been given for the delay in the execution of the initial arrest warrant after the defendant's return to custody. While that delay was considerable we find that no substantial prejudice has resulted. Prince v. State, 354 So.2d 1186, 1192 (Ala.Cr.App.1977), cert. denied, Ex parte State ex rel. Atty. Gen., 354 So.2d 1193 (Ala.1978).
The defendant testified that if he had been tried in 1977 instead of 1978 he "would have had a chance to earn IGT Good-time". There was no attempt to pursue this matter further. The defendant also stated that he was "not really sure" whether this delay affected his preparation of a proper defense for trial. There is no insinuation or implication that any delay was intentional nor is there any evidence *523 that the prosecution benefited in any way from the delay. Furthermore, it can hardly be argued that the defendant was denied his right to a fair trial because of the delay when he entered a plea of guilty. "(D)eprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself." Barker, 92 S.Ct. at 2187. An affirmative demonstration of prejudice is not the sole touchstone for proving a denial of an accused's constitutional right to a speedy trial. The prejudice to a defendant caused by delay in bringing him to trial is not confined to the possible prejudice to his defense in those proceedings. Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). Here, the defendant offered no evidence that the delay prejudiced his prospects for parole and meaningful rehabilitation.
It is significant that the defendant never requested a speedy trial. A motion to dismiss filed the day he pled guilty requested a dismissal of the indictment for lack of prosecution. This does not constitute any demand for a speedy trial. Tidmore v. City of Birmingham, 356 So.2d 231, 232 (Ala.Cr.App.1977), cert. denied, 356 So.2d 234 (Ala.1978). "Since there was no effort on the part of the appellant to secure his right to a speedy trial prior to the day of trial, he may not complain of any delay on appeal." Tidmore, 356 So.2d at 233. While a defendant who fails to demand a speedy trial does not forever waive his right, this is one factor which must be considered. Barker, 92 S.Ct. at 2191. The United States Supreme Court has emphasized that the "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial". Barker, 92 S.Ct. at 2193.
The defendant did not file a motion for a speedy trial because, "I just thought that maybe they was not going to indict me".
"My reason for not filing is a lot of guys at Holman were charged down here with crimes and they were being indicted but weren't filing for a speedy trial. So I thought I probably was not going to be indicted because I know I had been charged long before they were."
There is merit to the District Attorney's argument that the defendant "was hoping this thing would slip by and (the defendant) wouldn't be arrested or ... wouldn't have to face a trial of this matter".
Pursuant to a plea bargaining agreement the escape charge against the defendant was dropped when he pled guilty to the grand larceny indictment.
Based on the above considerations and factors, we find that the defendant was not prejudiced by a delay in bringing him to trial and that his constitutional rights have not been violated. The judgment denying the motion to dismiss the indictment is affirmed.
AFFIRMED.
All Judges concur.