The defendant pled guilty to an indictment charging the unlawful possession of marijuana in violation of Alabama Code 1975, Section 20-2-23 (3). The trial court accepted the plea agreement between the defendant and the District Attorney and sentenced the defendant to two years imprisonment. A second case against the defendant was nol-prossed in accordance with the agreement.
 I
The record shows that the guilty plea was intelligently and voluntarily entered according to the standards of Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant executed an "Ireland" form. Cooper v. State,53 Ala. App. 36, 297 So.2d 169, cert. denied, 292 Ala. 717,297 So.2d 175 (1974); Ireland v. State, 47 Ala. App. 65,250 So.2d 602 (1971).
"A guilty plea, if voluntarily and understandingly made, waives all nonjurisdictional defects in the prior proceedings against an accused." Barnes v. State, 354 So.2d 343
(Ala.Cr.App. 1978). Such nonjurisdictional matters include the court's refusal to suppress certain evidence and to grant a request for a preliminary hearing. Barnes.
 II
The defendant contends that the denial by the trial court of his motion for rehearing on application for probation was violative of his due process rights in that he "was not apprised of the allegations in the presentence investigation report (probation report) in sufficient time to dispute and refute the same." The record contains no proof of this allegation. The first time it appears is in a "Petition and Affidavit in Support of Petition for Assignment of Counsel for Leave to Appeal in Forma Pauperis" sworn to by the defendant. The defendant never made any request of the trial court that he be allowed time to "dispute and refute" the contents of the presentence investigation report. While the "Motion for Rehearing" does allege that the "statements and conclusions submitted by the probation officer . . ., reflects bias and prejudice against the defendant" and "is fraught with statements and conclusions from a tainted source" there is no evidence in the record to support these allegations.
Alabama Code 1975, Section 15-22-53 (c) provides:
 "In no case shall the right to inspect said [probation] report be denied the defendant or his counsel after said report has been completed or filed."
There is no showing that this section was violated in this case.
Furthermore, the original granting or denial of probation is entirely within the discretion of the trial court and is not reviewable upon appeal from a judgment of conviction. Turner v.State, 365 So.2d 335 (Ala.Cr.App.), cert. denied, 365 So.2d 336
(Ala. 1978); Driggers v. State, 344 So.2d 226 (Ala.Cr.App. 1977).
We have searched the record for error and found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges Concur.
 *Page 152