The defendant pled guilty to an indictment for forgery in the second degree. Sentence was three years' imprisonment to run concurrent with a sentence the defendant had received in federal court.
The defendant was arraigned in December of 1978. He pled guilty in June of 1980.
"A claim of a denial of a speedy trial in violation of the Sixth Amendment is waived by an unqualified plea of guilty."Bailey v. State, 375 So.2d 519 (Ala.Cr.App. 1979). Here the trial judge gave the defendant no assurances or indications, either explicit or implicit, that he could still present the issue of speedy trial on appeal despite his guilty plea. The record shows that the plea was voluntarily and understandingly made and the defendant does *Page 184 
not contend otherwise. Therefore, the guilty plea constitutes a waiver of all nonjurisdictional defects in the prior proceedings against the defendant. Bailey.
However, the defendant argues that the Circuit Court lacked jurisdiction over his case because the State failed to comply with the Alabama Mandatory Disposition of Detainers Act. Alabama Code 1975, Sections 15-9-80-88. The provisions of this act are not applicable since no showing has been made that the defendant sent any request for final disposition to the district attorney or made any attempt to invoke the sanction of this act. Whitley v. State, 392 So.2d 1220 (Ala.Cr.App. 1980).
We have searched the record and found no error. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.