Appellant was indicted by the Etowah County Grand Jury for the unlawful possession of a controlled substance, in violation of § 20-2-70 (a), Code of Alabama 1975. At arraignment, appellant entered a plea of not guilty. After a hearing on, and denial of, her motion to suppress evidence on February 24, 1982, appellant withdrew her plea of not guilty and entered a plea of guilty. Before accepting appellant's guilty plea, the trial court conducted an examination of appellant to determine that the plea was voluntarily and understandingly made. The trial court accepted appellant's guilty plea and sentenced her to two years' imprisonment in the state penitentiary.
Appellant seeks to raise on appeal the issues of warrantless search and probable cause, contending that, upon entering her guilty plea at trial below, she "specifically reserved the issue of the illegal search and seizure for appeal."
A voluntarily and understandingly made guilty plea waives all nonjurisdictional defects in the prior proceedings against the accused. Bailey v. State, 375 So.2d 519 (Ala.Cr.App. 1979). Such nonjurisdictional matters include the court's refusal to suppress evidence. Roden v. State, 384 So.2d 1248 (Ala.Cr.App. 1980).
The waiver of nonjurisdictional defects wrought by the guilty plea does not apply where the trial court has clearly assured the accused that he may still present a particular nonjurisdictional issue despite his guilty plea. However, this exception to waiver does not apply to an accused's mere subjective beliefs with regard to what matters *Page 111 
may be appealed after entering the guilty plea. Bailey, supra.
The record reflects the following occurred at the time appellant entered her plea of guilty:
 "MS. WARREN: Judge, at this time my client, the Defendant, would like to withdraw her plea of not guilty and enter a plea of guilty with a specific reservation that the issue of the search and seizure for appeal.
 "THE COURT: All right. Before I can accept your plea of guilty there are certain questions I've got to ask you that you'll have to answer and the Court Reporter will have to take down your answers, so speak up so she can get your answers."
The trial judge then proceeded to question appellant at length to determine her understanding of the crime against her and her willingness to voluntarily plead guilty. Included in the questions and answers is the following:
 "THE COURT: Now, you understand if you tell me that you are guilty of this crime you give up all the constitutional rights that I have just named over to you?
"THE DEFENDANT: Yes.
 "THE COURT: And if you tell me that you are guilty I could give you the same punishment as if you said you were not guilty and were convicted by a jury and I also may not give probation?
"THE DEFENDANT: Yes.
"THE COURT: You waive a pre-sentence investigation?
"MS. WARREN: Yes, sir.
 "THE COURT: Has anyone threatened or promised to reward you, your family or anyone else to get you to say that you are guilty?
"THE DEFENDANT: No.
 "THE COURT: Has anyone told you or promised or suggested to you that you will receive a lighter sentence or probation or any other favor to get you to say that you are guilty?
"THE DEFENDANT: I didn't understand that.
 "THE COURT: Has anyone told you or promised or suggested to you that you will receive a lighter sentence or probation or any other favor to get you to say that you are guilty?
"THE DEFENDANT: No.
 "THE COURT: How do you intend to plead to this indictment?
"THE DEFENDANT: Guilty.
 "THE COURT: Having ascertained in open court that Defendant fully understands her Constitutional rights, the nature of the crime charged in the indictment, the consequences of her guilty plea, the Defendant understandingly and voluntarily pleads guilty and waives her Constitutional rights. It is hereby ordered that Defendant's plea of guilty and waiver be accepted and entered in the minutes of the Court."
The only reference in the record to a reservation of the search and seizure issue made by appellant, her attorney or the trial judge, appears as quoted above. This reference is made by way of an ungrammatical statement made by appellant's counsel which was neither a motion nor a request for a ruling by the trial court; neither did the trial court make any ruling in this regard. The use of the term "all right" is condemned for the purpose of indicating a ruling. Gross v. State,395 So.2d 485 (Ala.Cr.App. 1981).
There is nothing in the record before us to indicate that the trial court in any way assured either appellant or her counsel that this issue would be preserved for review. The case is not factually analogous to Bailey, supra, in which the trial court made this statement to the accused:
 "THE COURT: Right, you have reserved that by the record of this Court and the Court has advised him.
 "`He had filed, Mr. Vigliante, a motion to dismiss the indictment against him for lack of prosecution averring in this motion filed with this Court, which was overruled by this Court today, that he did not get a speedy trial.'" *Page 112 
Bailey, 375 So.2d at 521.
Further, in overruling the accused's motion in Bailey, the trial court specifically stated: "I am going to overrule the motion. You can take this up on appeal."
The record indicates appellant's guilty plea was voluntarily and understandingly made. As well, we find that no ruling by the trial court, either implicitly or explicitly, gave appellant any assurance that she could still present the search and seizure issue on appeal, despite her guilty plea. Parmleyv. State, 397 So.2d 183 (Ala.Cr.App. 180), cert. denied,397 So.2d 184 (Ala. 1981).
No error harmful to the substantial rights of the appellant having been demonstrated, this case is affirmed.
AFFIRMED.
All the Judges concur.