In October, 1980, the grand jury of Shelby County returned five indictments against Morris O. Davis, this appellant, for various offenses (R. 10, 51, 61, 68, 76). At arraignment on November 17, 1980, the appellant pled not guilty to all five indictments. (R. 31, 40, 56, 64, 72). Later the appellant pled guilty to one of the indictments which charged him with the violation of the Alabama Uniform Controlled Substances Act on January 6, 1984. (R. 33) In return for his guilty plea, the appellant was sentenced to three years' imprisonment in the penitentiary (R. 34) and the four remaining indictments against him were dismissed. (R. 42, 58, 65, 73)
 I
On September 22, 1982, the appellant filed a motion for speedy trial. Now, on appeal, he asserts he was denied the right to a speedy trial and asserts this right was not waived by his plea of guilty.
In Parmley v. State, 397 So.2d 183 (Ala.Cr.App. 1980), cert. denied, 397 So.2d 184 (Ala. 1981), this court, quoting Baileyv. State, 375 So.2d 519 (Ala.Cr.App. 1979), stated: "A claim of a denial of a speedy trial in violation of the Sixth Amendment is waived by an unqualified plea of guilty." Parmley, supra at 183. In Bailey, supra, this court remanded the case to the circuit court to conduct a hearing on the issue of the denial of speedy trial or to allow the defendant to withdraw his guilty plea. This action was taken by this court because the trial court in Bailey, supra, assured the defendant he could raise the denial of speedy trial issue on appeal. As inParmley, supra, the trial judge in the case at bar did not give the appellant any assurances that the issue of the denial of speedy trial would be preserved for appeal.
Therefore, this issue was waived by the appellant's plea of guilty if same was a valid guilty plea. Our examination of this record reveals that the appellant pled guilty knowingly, intelligently and voluntarily. The appellant filled out an "Ireland form" (47 Ala. App. 65, 250 So.2d 602 (1971), and admitted his guilt. The trial judge fully explained this appellant's rights to him and it is clear that the appellant understandingly and intelligently waived those rights.
We, therefore, hold that the appellant did waive any non-jurisdictional defects in the prior proceedings against him by virtue of his valid guilty plea. *Page 1350 
 II
The appellant contends the Uniform Mandatory Disposition of Detainers Act was violated. See Art. III, § 15-9-81, Code of Alabama 1975.
The appellant was serving time in the Federal penitentiary in Kentucky when he filed his motion asking for "a speedy trial," on September 22, 1982. Trial was set for January 24, 1983, and thereafter continued. The record does not disclose the reason for the continuance.
The record does reflect that Davis was returned to Alabama for trial October 26, 1984. Trial was then set for November 7, 1984, and continued in order for a ruling to be obtained on all pre-trial motions.
The plea agreement in question was thereafter negotiated and accepted by the trial court on January 6, 1984. This was within the time frame set by statute.
There is no showing in this record of prejudice to this appellant, nor does the record support any claim that the continuances referred to were not acquiesced in by Davis. No error is shown. See Cheatham v. State, 431 So.2d 1350
(Ala.Cr.App. 1983).
Moreover, as we stated in Part I, all non-jurisdictional issues are waived by the valid guilty plea herein obtained, and thus, there is no error preserved for our review.
For the reasons stated above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.