This is an appeal from the denial of a petition for writ of habeas corpus, wherein the petitioner challenges four felony convictions and sentences [Burglary I, Receiving Stolen Property, Perjury, Robbery] under which he is presently being held, alleging that each conviction was obtained in violation of Alabama's Uniform Mandatory Disposition of Detainers Act, Alabama Code 1975, §§ 15-9-80 through -88.
The trial court dismissed the petition without an evidentiary hearing "on the ground that the allegations of said petition are not sufficient for the issuance of said writ of habeas corpus."
The petitioner alleges that "the State of Alabama lost jurisdiction to try the Appellant when it obtained custody of the Defendant pursuant to the Mandatory Disposition of Detainers Act . . . and failed to try him within the mandatory time limit." Appellant's Brief, p. 5.
The petition does not allege and there is no showing that the petitioner attempted to present this issue to the circuit court or on direct appeal. No explanation is made for this failure. Consequently, we find that the petitioner has waived this issue by failing to timely assert it. United States v. Boggs,612 F.2d 991, 993 (5th Cir.), cert. denied, 449 U.S. 857,101 S.Ct. 156, 66 L.Ed.2d 72 (1980); United States v. Scallion,548 F.2d 1168, 1174 (5th Cir. 1977) cert. denied, 436 U.S. 943,98 S.Ct. 2843, 56 L.Ed.2d 784 (1978). By failing to raise his claim prior to or during the trial, the petitioner has waived any claim for relief he may have had. Mars v. United States,615 F.2d 704, 707 (6th Cir.), cert. denied, 449 U.S. 849,101 S.Ct. 138, 66 L.Ed.2d 60 (1980).
In October of 1981, the petitioner was convicted by a jury of receiving stolen property in the first degree. Although the case was "passed to be reset" and continued a number of times, the record reveals no objection by the petitioner. Alabama Code 1975, § 15-9-81, Article IV (c), provides:
 "In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."
The petition contains no factual allegation concerning the granting of any continuance. "The inmate has the burden of showing defects in the granting of a continuance because state court proceedings are presumed correct." L. Abramson, CriminalDetainers 110 (1979).
The record also shows that the petitioner pled guilty to the charges of robbery and perjury. By pleading guilty, the petitioner waived all nonjurisdictional defects, including any violation of the Uniform Mandatory Disposition of Detainers Act. Davis v. State, 469 So.2d 1348, 1350-51 (Ala.Cr.App. 1985); Criminal Detainers at 115 ("A guilty plea by an inmate has been held to be a waiver of the claim that the *Page 1192 
charge should have been dismissed, prior to plea, due to a violation of the IAD [Interstate Agreement on Detainers]."). The record is silent with regard to the burglary charge.
Article IV (e) of § 15-9-81 of the Detainers Act provides:
 "If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V (e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."
This section is not "self-executing. The charge is not automatically rendered null and void by the failure to bring the inmate to trial within 180 [120 days under Alabama's statute] days. There must be a judicial proceeding resulting in dismissal of the charge." Criminal Detainers at 107. The failure to try the prisoner within 120 days does not deprive the trial court of jurisdiction. United States v. Odom,674 F.2d 228, 230 (4th Cir.), cert. denied, 457 U.S. 1125,102 S.Ct. 2946, 73 L.Ed.2d 1341 (1982); United States v. Palmer,574 F.2d 164, 167 (3rd Cir.), cert. denied, 437 U.S. 907,98 S.Ct. 3097, 57 L.Ed.2d 1138 (1978).
We find that the petition for writ of habeas corpus was properly dismissed.
AFFIRMED.
All Judges concur.