Sandra German was indicted for the unlawful possession of marijuana, in violation of § 20-2-70, Code of Alabama 1975. The appellant pled guilty to the indictment after the denial of a motion to suppress in which she challenged the validity of the search and seizure leading to her arrest. Following a sentencing hearing, the trial judge fixed punishment at five years' imprisonment in the penitentiary.
A review of the record reveals that on the night of September 14, 1984, Montgomery Police Investigators Thompson and Byrd received a telephone call at approximately 11 p.m. from a reliable informant. The informant told Thompson and Byrd that one Sandra German and another female would be going to the Park Towne Apartments in Montgomery at approximately 11:30 p.m. They would be traveling in a black vehicle with a grey top and would be carrying one-half pound of marijuana. Thompson and Byrd left police headquarters and proceeded to the apartment complex. Upon their arrival they observed a vehicle matching the description given by the informant. This vehicle drove through the apartment complex, then proceeded to a nearby restaurant and then to a gas station. The vehicle left the gas station and, at this time, Thompson and Byrd radioed for a patrol car to stop the vehicle. A patrol car arrived and stopped the vehicle. A uniformed officer asked the occupants of the vehicle to get out of the car and Thompson detained them at the rear of the vehicle. Investigator Byrd asked the passenger what her name was and she responded that she was Sandra German. At that time, Byrd informed her that he had reason to believe that she was carrying a controlled substance in the car and proceeded to the car and looked inside. He observed a brown paper sack lying on the floor board of the passenger side. Byrd picked this paper sack up, looked inside it, and observed what appeared to be a large quantity of marijuana. Later analysis revealed that this was in fact one-half pound of marijuana. The vehicle in which the appellant was traveling that night was the driver's car. The appellant offered no evidence whatsoever in this cause.
 I
The appellant contends that the trial judge erred in denying the motion to suppress based solely on a lack of standing. *Page 624 
A review of the record reveals that appellant's guilty plea was intelligently and voluntarily entered according to the standards enunciated in Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record further reveals that appellant executed an "Ireland" form. Ireland v. State,47 Ala. App. 65, 250 So.2d 602 (1971).
"A voluntary and understandingly made guilty plea waives all nonjurisdictional defects in the prior proceedings against the accused. Bailey v. State, 375 So.2d 519 (Ala.Cr.App. 1979). Such nonjurisdictional matters include the court's refusal to suppress evidence. Roden v. State, 384 So.2d 1248 (Ala.Cr.App. 1980)." Sawyer v. State, 456 So.2d 110 (Ala.Cr.App. 1982), reversed, 456 So.2d 112 (Ala. 1983), on remand, 456 So.2d 114
(Ala.Cr.App. 1984).
"The guilty plea waives the right to a trial as well as the right to contest the admissibility of any evidence the State might have offered, including an illegal arrest, the validity of a search and seizure, or a prior involuntary confession.Knowles v. State, 280 Ala. 406, 194 So.2d 562 (1967); Barnes v.State, 354 So.2d 343 (Ala.Cr.App. 1978). A voluntary plea of guilty will also waive questions concerning the trial court's refusal to suppress certain evidence, a denial of a pre-trial motion for a continuance, and a claim of a denial of a speedy trial. Graham v. State, 403 So.2d 275 (Ala.Cr.App. 1980), cert. denied, 403 So.2d 286 (Ala. 1981); Parmley v. State,397 So.2d 183 (Ala.Cr.App. 1980), cert. denied, 397 So.2d 184 (Ala. 1981); Barnes, supra." Morrow v. State, 426 So.2d 481, 484
(Ala.Cr.App. 1984). See also, Jackson v. State, 452 So.2d 895
(Ala.Cr.App. 1984).
"The waiver of nonjurisdictional defects wrought by the guilty plea does not apply where the trial court has clearly assured the accused that he may still present a particular nonjurisdictional issue despite his guilty plea." Sawyer, supra at 110. See also, Bailey, supra; Childress v. State,455 So.2d 175 (Ala.Cr.App. 1984).
It does not appear from the record that the trial court clearly assured the appellant that she could still present the claimed nonjurisdictional issue, i.e., the denial of the motion to suppress on the standing issue, despite her guilty plea. Therefore, this issue is not properly before this court for review pursuant to the waiver effectuated by appellant's voluntary and intelligent guilty plea.
Moreover, even if the issue had been preserved for review by this court, appellant's claim would fail. The burden was upon the appellant to establish that her own individual constitutional rights were violated by the challenged search and seizure. See McCraney v. State, 381 So.2d 102 (Ala.Cr.App. 1980), Chandler v. State, 426 So.2d 477 (Ala.Cr.App. 1982). Under United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547,65 L.Ed.2d 619 (1980), and Rakas v. Illinois, 439 U.S. 128,99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the test for standing is whether the defendant had a legitimate expectation of privacy from governmental invasion in the area searched. Even if the defendant had claimed ownership of the marijuana found in the car, which she did not, this bare claim would not have entitled her to challenge the search without some showing of her expectation of privacy. Rawlings v. Kentucky, 448 U.S. 98,100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). In Rakas, supra, the Court held that the area under the seat of an automobile just is not an area in which a "passenger qua passenger" would normally have a legitimate expectation of privacy.
In this cause the appellant made no assertion of a property or possessory interest in the vehicle or the property seized. She simply failed to establish her standing to challenge the search and seizure. Rakas, supra; Story v. State,435 So.2d 1360 (Ala.Cr.App. 1982); McCraney, supra. Therefore, the trial judge acted properly in denying the motion to suppress the evidence. *Page 625 
 II
The appellant contends that the trial court erred in failing to give due consideration and weight to facts contained in her presentencing memorandum and as a result of this the sentence that was imposed against her was disproportionate to the crime for which she was convicted.
The appellant plead guilty to a violation of § 20-2-70, Code of Alabama 1975. This section provides that any person convicted of violating this section may be imprisoned for not less than two nor more than 15 years. German was sentenced to five years' imprisonment.
As long as the sentence imposed is within the statutory boundries, this court will not overturn the decision of the trial court, unless there is clear abuse. Blaylock v. State,411 So.2d 1299 (Ala.Cr.App. 1982); Tombrello v. State,421 So.2d 1319 (Ala.Cr.App. 1982). Moreover, where punishment is properly imposed within the limits defined by the punishing statute, this court is without jurisdiction to review the punishment. Fagan v. State, 412 So.2d 1282 (Ala.Cr.App. 1982);Wright v. State, 423 So.2d 345 (Ala.Cr.App. 1982).
The trial judge sentenced appellant within the limits of the statute. A review of the record indicates that he did so after giving consideration to a presentence report prepared by the Department of Parole and Probation and after considering the memorandum prepared by the appellant. A review of the record does not indicate that the trial court abused his discretion in sentencing this appellant to five years in the penitentiary.
 III
Appellant argues that the trial court erred in rejecting her proposals presented to the court as alternatives to the sentence imposed, after the court advised defense counsel that he could come back before the court and show cause why appellant's sentence should be reduced.
The trial judge held a sentence review hearing, and at such hearing, heard from appellant and acknowledged a proposed plan for probation. The court took the proposal under submission and later issued an order denying any reduction of sentence.
Section 15-22-50, Code of Alabama 1975, provides that circuit courts and district courts ". . . may suspend execution of sentence and place on probation any person convicted of a crime in any court exercising criminal jurisdiction."
"Furthermore, the original granting or denial of probation is entirely within the discretion of the trial court and is not reviewable upon appeal from a judgment of conviction. Turner v.State, 365 So.2d 335 (Ala.Cr.App.), cert. denied, 365 So.2d 336
(1978); Driggers v. State, 344 So.2d 226 (Ala.Cr.App. 1977)."Roden v. State, 384 So.2d 1248, 1249 (Ala.Cr.App. 1980).
The judgment and sentence of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.