Victor Joseph Russo pleaded guilty to, and was convicted of, the robbery-homicides of Robert Allen Sparks and Billy Curtis Raymond, capital offenses as defined by §§ 13A-5-40(a)(2) and13A-5-40(a)(10), Code of Alabama 1975. In accordance with the plea bargain agreement, he was sentenced to life imprisonment without the possibility of parole.
 I
Initially, Russo had gone to trial on a plea of not guilty. The jury found Russo guilty of two counts of capital murder and recommended imposition of the death penalty. However, on the date the trial court was to sentence Russo, the prosecutor informed the judge that all the parties involved, including relatives of the victims, had reached an agreement which would enable the appellant to enter a guilty plea in exchange for a recommended sentence of life imprisonment without parole. Thereupon, the trial court allowed Russo to enter a guilty plea by reading into the record a statement prepared for him by his attorney. Under the guidelines established by North Carolina v.Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), Russo's statement constituted a voluntary and intelligently made guilty plea.
It is apparent to us that the intention of all the parties involved — the appellant, his defense counsel, the prosecutor, and the trial judge — was to accomplish a guilty plea to capital murder as contemplated by § 13A-5-42, Code of Alabama
1975, which provides:
 "A defendant who is indicted for a capital offense may plead guilty to it, but the state must in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to a jury. The guilty plea may be considered in determining whether the state has met that burden of proof. The guilty plea shall have the effect of waiving all nonjurisdictional defects in the proceeding *Page 1085 
resulting in the conviction except the sufficiency of the evidence. A defendant convicted of a capital offense after pleading guilty to it shall be sentenced according to the provisions of section 13A-5-43(d)."
In such a situation it is necessary that the record show a jury verdict of guilt as well as the defendant's guilty plea. The minute entry, as now written, does not conform to this requirement. We hereby remand this cause with directions that the jury verdict be reinstated.
 II
Appellant contends in his brief that the trial court erred in receiving into evidence the testimony of Michele Knight Price concerning her conversation with the appellant while he was in custody in Florida and also in admitting the tape of that conversation. We would note, however, that this contention was waived by the appellant's guilty plea.
 " 'A voluntary and understandingly made guilty plea waives all nonjurisdictional defects in the prior proceedings against the accused. Bailey v. State, 375 So.2d 519 (Ala.Cr.App. 1979). Such nonjurisdictional matters include the court's refusal to suppress evidence. Roden v. State, 384 So.2d 1248 (Ala.Cr.App. 1980)' Sawyer v. State, 456 So.2d 110 (Ala.Cr.App. 1982), reversed, 456 So.2d 112 (Ala. 1983), on remand, 456 So.2d 114
(Ala.Cr.App. 1984).
 " 'The guilty plea waives the right to a trial as well as the right to contest the admissibility of any evidence the State might have offered, including an illegal arrest, the validity of a search and seizure, or a prior involuntary confession. Knowles v. State, 280 Ala. 406, 194 So.2d 562 (1967); Barnes v. State, 354 So.2d 343
(Ala.Cr.App. 1978). A voluntary plea of guilty will also waive questions concerning the trial court's refusal to suppress certain evidence, a denial of a pretrial motion for a continuance, and a claim of a denial of a speedy trial. Graham v. State, 403 So.2d 275 (Ala.Cr.App. 1980), cert. denied, 403 So.2d 286 (Ala. 1981); Parmley v. State, 397 So.2d 183 (Ala.Cr.App. 1980), cert. denied, 397 So.2d 184 (Ala. 1981); Barnes, supra.' Morrow v. State, 426 So.2d 481, 484 (Ala.Cr.App. 1982). See also, Jackson v. State, 452 So.2d 895 (Ala.Cr.App. 1984).
 " 'The waiver of nonjurisdictional defects wrought by the guilty plea does not apply where the trial court has clearly assured the accused that he may still present a particular nonjurisdictional issue despite his guilty plea.' Sawyer, supra, at 110. See also, Bailey, supra; Childress v. State, 455 So.2d 175 (Ala.Cr.App. 1985)."
German v. State, 492 So.2d 622, 624 (Ala.Cr.App. 1985).
Our examination of the record reveals that the appellant did not ask for, and the trial court did not guarantee, that he could still present this claimed nonjurisdictional issue, i.e., the trial court's refusal to exclude the testimony of Ms. Knight concerning her conversation with appellant and the tape of that conversation. "Therefore, this issue is not properly before this court for review pursuant to the waiver effectuated by appellant's voluntary and intelligent guilty plea."Id.
However, for the reasons set out in Part I of this opinion, this cause is remanded with directions for the trial court to reinstate the jury verdict.
REMANDED WITH DIRECTIONS.
All the Judges concur.