Dwight Glover, the appellant, pleaded guilty and was convicted of third degree robbery, second degree theft, and second degree escape. He was given concurrent sentences of 15 years' imprisonment in each case as a habitual felony offender. Those sentences were also ordered to run concurrent with the appellant's pre-existing sentence in Kentucky.
On this appeal from those convictions, the appellant contends that his motion to dismiss should have been granted because he was not brought to trial within 180 days after his request for disposition under the Uniform Mandatory Disposition of Detainers Act, codified at Ala. Code 1975, § 15-9-81.
The appellant was indicted for robbery, theft, and escape, all in the first degree. During the discussion of the detainer issue, the trial judge informed the parties that the appellant was facing either life imprisonment as a habitual felony offender or dismissal of the charges if the motion to dismiss were granted. The trial judge inquired, "You can't sit down and work this out?" R. 6. After an off-the-record discussion, a plea bargain agreement was reached.
During the taking of the appellant's guilty plea, the trial judge informed the appellant: "This Court rules against you on the 180-day extension as this date set for trial not being unreasonable under the circumstances involving the judge's retirement and the transfer of cases and other matters." R. 18-19. This is the only reference in the record to the reason for the delay in bringing the appellant to trial.
"By pleading guilty, [a defendant waives] all nonjurisdictional defects, including any violation of the Uniform Mandatory Disposition of Detainers Act." Tombrello v.State, 484 So.2d 1190, 1191 (Ala.Cr.App. 1985). See also Martinv. State, 579 So.2d 69, 70 (Ala.Cr.App. 1991). However, "[t]he caselaw of Alabama allows a criminal defendant to plead guilty and, with consent of the trial court, to reserve the right to appeal adverse pretrial rulings." Ex parte Hergott,588 So.2d 911, 915 (Ala. 1991). The Attorney General argues that the appellant has failed to preserve any issue for review. Here, there is a question as to whether the trial court "clearlyassured the appellant that [he] could still present the claimed nonjurisdictional issue . . . despite [his] guilty plea."German v. State, 492 So.2d 622, 624 (Ala.Cr.App. 1985) (emphasis added).
The first and only indication that this issue was preserved for appeal occurred after the appellant had been adjudged guilty and sentenced.
 "[DEFENSE COUNSEL]: As the Court stated, we filed a motion to dismiss and it was denied. We would like to preserve that issue for appeal.
 "THE COURT: I will appoint you to represent him on the appeal. File with the court reporter those papers pertaining to the unlawful detainer." R. 24-25.
The implication from the remarks of the trial judge is that he would permit the appellant to appeal the issue concerning the detainer.
From the record, it appears that the following is the order in which the events occurred.
 December 20, 1990: The District Attorney of Jefferson County, Alabama, requested *Page 81 
temporary custody of the appellant, who was at that time incarcerated in the State of Kentucky.
 January 7, 1991: The appellant signed a form titled, "Agreement on Detainers: Form I." R. 35. That form does not list which charges or detainers were either pending or had been filed against the appellant.
 January 22, 1991: The appellant declined to waive extradition and "asserted his right to challenge Alabama's request for temporary custody." R. 24.
 January 24, 1991: The appellant executed "Agreement on Detainers: Form II," requesting disposition of the Alabama charges. R. 59-60.
 February 21, 1991: The District Attorney for Jefferson County agreed to accept temporary custody of the appellant.
 March 22, 1991: The State of Alabama obtained custody of the appellant.
 April 19, 1991: The appellant's case was set for trial on June 17, 1991.
 April 24, 1991: Subpoenas were issued for June 17, 1991.
 June 21, 1991: The case was continued to August 5, 1991.
 July 23, 1991: Assuming that the prosecutor received the proper notice on January 24, 1991, see above, the 180-day period for bringing the appellant to trial expired.
 August 8, 1991: Continuance ordered to September 23, 1991. No objection.
 August 20, 1991: Assuming that the prosecutor received the proper notice on February 21, 1991, see above, the 180-day period for bringing the appellant to trial expired.
 August 29, 1991: The appellant filed a motion to dismiss because more than 180 days had elapsed since the signing of the agreement on detainers.
 September 24, 1991: The appellant pleaded guilty, was convicted, and sentenced.
The only hint of any reason for the delay in bringing the appellant to trial is contained in the statement of the trial judge concerning a "judge's retirement and the transfer of cases and other matters." That statement was not refuted or contested.
One of the reasons for which the 180-day period may be tolled or otherwise exceeded is "to allow the trial court to grant any necessary and reasonable continuance for good cause shownin open court with the defendant or his counsel present."Saffold v. State, 521 So.2d 1368, 1371 (Ala.Cr.App. 1987) (emphasis added). Here, there was not even the allegation that the continuances were granted "in open court with the defendant or his counsel present." Unlike Saffold, 521 So.2d at 1371-72, there is no evidence that any delay can be attributed to the appellant.
However, there is evidence that the appellant waived the 180-day limitation by failing to object to the continuances.
 "[W]e find that appellant waived the 180-day limitation. In Gillard v. State, 486 So.2d 1323, 1327 (Ala.Cr.App. 1986), we find the following: 'We are inclined toward the majority view that the rights afforded a prisoner under the agreement do not rise to the level of constitutionally guaranteed rights and can be waived.' See also Toro v. State, 479 So.2d 298 (Fla.Dist.Ct.App. 1985); Pethtel v. State, 427 N.E.2d 891 (Ind.App. 1981). Cf. Tombrello v. State, 484 So.2d 1190
(Ala.Cr.App. 1985) (wherein the court held that the appellant, by pleading guilty, waived the nonjurisdictional defect of a violation of the Act); Davis v. State, 469 So.2d 1348 (Ala.Cr.App. 1985) (same).
 "As noted above, on January 5, 1987, the court set appellant's trial for the March 16, 1987, term of court, and on February 10, 1987, the court set appellant's trial for the 'next criminal jury docket,' a known and ascertainable date. Appellant had different counsel on these two occasions. Significantly, we can only conclude from the record that both attorneys neither objected to the trial date at the time it was set nor objected during the days remaining under the 180-day time limit. If either had done so, the trial court could have set an appropriate trial date or granted a 'necessary or reasonable continuance.' Instead *Page 82 
of putting the court on notice, appellant waited until the 180-day time limit had lapsed.
 "We construe appellant's silence, on both occasions when the trial court set the trial date, to be his acquiescence. Pethtel, 427 N.E.2d at 894. We find like treatment in Scrivener v. State, 441 N.E.2d 954, 956 (Ind. 1982), where 35 days before the 180-day period expired, the trial court set the cause for trial 29 days beyond the 180-day period. The court, in adopting Pethtel, held that the appellant's failure to object to the trial date when it was set, on or before the expiration of the 180-day period, precluded him from having the information dismissed. See also State v. McGann, [126 N.H. 316,] 493 A.2d [452] at 456 [(1985)]."
Saffold, 521 So.2d at 1372. Because the appellant failed to timely object to the trial court's ordering two continuances and setting the case for trial beyond the 180-day period, we find that the appellant has waived this issue.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.