On Return to Remand

McMILLAN, Judge.
This cause was remanded for the trial court to appoint counsel to assist the appellant in the appeal of his convictions on four counts of possession of a forged instrument in the second degree. 638 So.2d 16. The trial court has appointed counsel and appointed counsel has now filed an appellate brief with this Court in which he makes the following claims: (1) that the trial court erred in denying the appellant’s motion for final disposition, in violation of the Alabama Uniform Mandatory Disposition of Detainers Act, and (2) that the trial court erred in accepting the appellant’s guilty plea without first informing him that by pleading guilty he waived any claim under the Detainers Act.
As his attorney concedes, the appellant waived all nonjurisdictional defects, including any violation of the Uniform Mandatory Disposition of Detainers Act, by entering his guilty plea. Glover v. State, 599 So.2d 79, 80 (Ala.Cr.App.1992); Tombrello v. State, 484 So.2d 1190, 1191 (Ala.Cr.App.1986). He was allowed to plead guilty and, with the consent of the trial court, to reserve the right to appeal adverse pretrial rulings. Ex parte Hergott, 588 So.2d 911, 915 (Ala.1991). Because he failed to reserve the right to appeal as to that claim,, the appellant’s first claim must fail.
The appellant also contends that his guilty plea was not voluntary because, he says, he was not adequately apprised of the consequences of pleading guilty by including specifically the fact that doing so would waive any claim under the Detainers Act before he entered the plea. However, the right to appeal a guilty plea must be preserved by a motion to withdraw the plea or for a new trial. Willis v. State, 500 So.2d 1324 (Ala.Cr.App.1986). Here, the appellant did not preserve his right to appeal the issue of the voluntariness of his plea by such a motion. Therefore, this claim also must fail.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.