COBB, Judge,
concurring in part and dissenting in part.
I respectfully dissent from the majority’s dismissal in an unpublished memorandum of Derrick Marquet Jefferson’s appeal. I concur in its dismissal of the appeal by Jefferson’s eodefendant, Jovon-da Renee Rodgers.
As for Jefferson’s cause, I believe that we should reexamine our caselaw concerning the preservation of issues before entering a guilty plea. Previously, we have held:
“It is clear that by pleading guilty, a defendant waives all nonjurisdictional defects occurring before the plea. See, e.g., Martin v. State, 579 So.2d 69, 70 (Ala.Cr.App.1991). Because ‘a guilty plea represents a break in the chain of events which has preceded it in the criminal process,’ Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), we have required a defendant who wishes to appeal an adverse ruling on an issue raised prior to the entry of the plea to inform the trial court, at the time he enters his plea, that he intends to reserve that issue for appeal. See Sawyer v. State, 456 So.2d 110 (Ala.Cr.App.1982), reversed after record supplemented, 456 So.2d 112 (Ala.1983). The defendant’s plea is, in effect, conditioned on his right to appeal the prior adverse ruling. See 2 W. LaFave & J. Israel, Criminal Procedure, § 20.6(b) (1984). Recently, Justice Maddox summarized the Alabama law on this point as follows:
“ ‘Ordinarily, a guilty plea waives all nonjurisdictional matters, including a trial court’s refusal to suppress evidence, but this Court has, by case law, permitted an exception to that general rule when a defendant specifically reserves his or her right to appeal such a ruling on a motion to suppress, as this petitioner did. Ex parte Sawyer, 456 So.2d 112 (Ala.1983) (defendant allowed to supplement record on appeal to show that search and seizure issue was reserved when the plea of guilty was entered).’
“Ex parte Hergott, 588 So.2d 911, 916 (Ala.1991) (Maddox, J., dissenting) (emphasis in original).
“As Justice Maddox’s parenthetical explanation of Sawyer indicates, a defendant must reserve his right to appeal an adverse ruling on an issue arising before the plea ‘when the plea of guilty [is] entered.’ The reason behind such a requirement is clear: because a guilty plea waives all nonjurisdictional defects in proceedings occurring before the plea, Martin, supra, and ‘a guilty plea represents a break in the chain of events which has preceded it in the criminal process,’ Tollett, supra, an unconditional plea must be taken to represent the defendant’s decision to [forgo] any challenge to events occurring before the plea. If the defendant does not intend to [forgo] such challenges, he must make that intent clear before he enters his plea.”
Prim v. State, 616 So.2d 381, 382-83 (Ala.Crim.App.1993).
In this case, during Jefferson’s plea colloquy, the trial court accepted Jefferson’s plea, after which the following exchange occurred:
“[Defense counsel]: Judge, we would for the record like to preserve for purposes of appeal one issue.
“THE COURT: There is no appeal from this if you plead guilty. That’s the new rules. So if you don’t want to — if you don’t want to appeal it — I mean if you want to appeal it then you can’t plead.
*343 “[Defense counsel]: Judge I didn’t think that rule took effect until after this had occurred.
“THE COURT: Well, I don’t — of course I don’t know it says, they’ve changed the rules. Wait a minute. That’s right, I think you can if you preserve something.
“[Defense counsel]: If you specifically preserve it, that’s correct, Judge.
“THE COURT: I think that’s right.
“[Defense counsel]: We just wanted to preserve that one issue on—
“THE COURT: On the suppression—
“[Defense counsel]: Of the suppression for the purposes of appeal.
“THE COURT: Well, I think you can do that and I guess if you can’t, there is no harm done. So it should, the record should reflect that he reserves the right not to appeal on anything except he can appeal on this, my ruling of the denial of the motion to suppress the evidence.”
(R. 55-56.)[1]
Although the objection was in fact entered after the trial court had accepted the plea, the trial court allowed Jefferson to preserve the suppression issue for appellate review.
I am concerned that the trial court’s agreement to allow Jefferson to preserve this issue for appellate review was part and parcel of his guilty plea agreement. It is more than probable that trial counsel informed Jefferson that, although he was pleading guilty, he was nonetheless preserving the suppression issue for appellate review; the trial court itself assured the Jefferson of that fact. One must ask whether Jefferson would have pleaded guilty if he did not think that this issue had preserved for appellate review. Cf. Tollett v. Henderson, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (“The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity.”). That is, I am concerned that if we hold that this issue was in fact not preserved for appellate review, when the defendant was apprised by both counsel and the trial court that the issue was preserved, we are nullifying a portion of the plea agreement, and, in turn, rendering this guilty plea involuntary. Brady v. United States, 397 U.S. 742, 770, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (“In our view a defendant’s plea of guilty based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant’s confession.” (Emphasis added.)).
I point out that this Court has allowed the merits of an argument on appeal to be addressed, although the only indication that the argument was preserved came from an ambiguous comment from the trial court following the acceptance of the de *344 fendant’s guilty plea and sentencing. In Glover v. State, 599 So.2d 79, 80 (Ala.Crim.App.1992), prior to addressing the appellant’s argument regarding his detainer, this Court reasoned:
“ ‘By pleading guilty, [a defendant waives] all nonjurisdictional defects, including any violation of the Uniform Mandatory Disposition of Detainers Act.’ Tombrello v. State, 484 So.2d 1190, 1191 (Ala.Cr.App.1985). See also Martin v. State, 579 So.2d 69, 70 (Ala.Cr.App.1991). However, ‘[t]he caselaw of Alabama allows a criminal defendant to plead guilty and, with consent of the trial court, to reserve the right to appeal adverse pretrial rulings.’ Ex parte Hergott, 588 So.2d 911, 915 (Ala.1991). The Attorney General argues that the appellant has failed to preserve any issue for review. Here, there is a question as to whether the trial court ‘dearly assured the appellant that [he] could still present the claimed nonjurisdictional issue ... despite [his] guilty plea.’ German v. State, 492 So.2d 622, 624 (Ala.Cr.App.1985) (emphasis added).
“The first and only indication that this issue was preserved for appeal occurred after the appellant had been adjudged guilty and sentenced.
“ ‘[DEFENSE COUNSEL]: As the Court stated, we filed a motion to dismiss and it was denied. We would like to preserve that issue for appeal. “ ‘THE COURT: I will appoint you to represent him on the appeal. File with the court reporter those papers pertaining to the unlawful detainer.’ R. 24-25.

“The implication from the remarks of the trial judge is that he would permit the appellant to appeal the issue concerning the detainer.”

(Emphasis added.) This Court then went on to hold Glover’s claim to be waived— not because of his untimely statement of preservation to the trial court during the guilty plea colloquy — but rather because he did not timely object at trial when the trial court set the trial date beyond the 180-day limit.
Additionally, in Bailey v. State, 375 So.2d 519 (Ala.Crim.App.1979), we held that where a defendant, pleading guilty to robbery, was assured by the trial court that he could present his speedy-trial-argument on appeal, fairness required the case to be remanded so that the defendant could withdraw his guilty plea or the trial court could conduct a hearing on his speedy-trial-argument. In reaching this conclusion, we reasoned:
“The cases are legion that a guilty plea, if voluntarily and understanding^ made, waives all nonjurisdictional defects in the prior proceedings against the accused. Lancaster v. State, 362 So.2d 271 (Ala.Cr.App.), cert. denied, Ex parte Lancaster, 362 So.2d 272 (Ala.1978); Camp v. State, 359 So.2d 1187 (Ala.Cr.App.1978). A claim of a denial of a speedy trial in violation of the Sixth Amendment is waived by an unqualified plea of guilty. State v. Willis, 42 Ala.App. 414, 166 So.2d 917 (1964); Duncan v. State, 42 Ala.App. 509, 169 So.2d 439 (1964); 57 A.L.R.2d 302, § 13 (1958).
“However[,] it is equally well settled that a guilty plea is invalid unless voluntarily given by a defendant with a full understanding of the possible consequences of the plea. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The subjective beliefs or expectations of a defendant on such matters as to the amount of sentence that will be imposed, or the hope of leniency, unsupported by any promises from the State or indications from the Court, are insufficient to invalidate a guilty plea as unknowing or involuntary. *345 United States v. Maggio, 514 F.2d 80, 88 (5th Cir.1975). It is logical that this same rule should apply to the subjective beliefs of a defendant with regard to what matters can be appealed after pleading guilty. However[J fundamental fairness dictates that such a rule should not apply where the trial court has assured the defendant that he may still present the issue of speedy trial on appeal despite his guilty plea. In the Second Federal Judicial Circuit it is settled law that a point may be preserved for appeal despite the plea of guilty provided the reservation is accepted by the Court with the government’s consent. United States v. Mann, 451 F.2d [346] (2nd Cir.1971). See also Lefkowitz v. Newsome, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975).”
375 So.2d at 521.
I recognize that, in Bailey, the defendant brought up his issue for preservation before he entered his guilty plea, as opposed to the case before us where Jefferson brought up his issue for preservation after he entered his guilty plea. However, I think that Bailey, like Glover, involves the same inquiry into the fundamental fairness of the situation. Thus, because I believe that the trial court allowed Jefferson to preserve this issue for appellate review, that is, because Jefferson’s subjective view upon pleading guilty was that this issue was preserved for appellate review, I would not dismiss his appeal, but rather address the merits thereof.

. After Rodgers pleaded guilty, the following exchange occurred:
“[Defense counsel]: Your Honor, first off I’d like to preserve for appeal only one issue, the issue of the suppression ruling that was done earlier today, reserve that for appeal. And also I would like to make a request of His Honor to find her indigent and appoint counsel. I assume you want me to file a motion.
“THE COURT: Yeah, you file a motion.”
(R. 65-66.)
The trial court did not affirm that Rodgers's suppression argument would be preserved for appellate review, as it did for Jefferson. In fact, the trial court did not respond to Rodgers’s assertion regarding her desire to preserve the denial of her motion to suppress. Therefore, Rodgers was less likely to have held a subjective belief that her argument had been preserved for appellate review, and I agree with the majority that her argument on appeal was not preserved for appellate review.